UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

Case No. _____ - Civil

LESTER LEE
564 Wilson Bridge Drive, Unit D-2
Oxon Hill, Maryland 20745
Prince George's County

    Plaintiff,

vs.

BROOKSIDE PARK CONDOMINIUM, INC.
c/o Resident Agent
George A. Perry
821 West Street
Annapolis, MD 21401
Prince George's County

METROPOLIS (aka MCM, INC.)
c/o Resident Agent
Richard D. Mirsky, Esq.
5504 Burling Court
Bethesda, MD 20817
Prince George's County

RAMMY AZOULAY
c/o Metropolis
Richard D. Mirsky, Esq., Resident Agent
5504 Burling Court
Bethesda, MD 20817
Prince George's County

CHARLES LAMONT SAVOY
7906 Prentice Ct
Fort Washington, MD 20744
Prince George's County

    Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff LESTER LEE, by and through undersigned counsel, and sues the Defendants BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY, and CHARLES LAMONT SAVOY, and states as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to the Fair Housing Act (hereinafter "FHA"), 42 U.S.C. § 3601, stemming from BROOKSIDE PARK CONDOMINIUM, INC, METROPOLIS (aka MCM, INC.), RAMMY AZOULAY, and CHARLES LAMONT SAVOY's individual and collective violations of the FHA by unlawfully discriminating against LESTER LEE, a person with disabilities. Defendants violated the FHA by refusing to make reasonable accommodations to the condo association's rules, policies, practices, or services, when such an accommodation is necessary to afford Plaintiff an equal opportunity to use and enjoy his dwelling, and by threatening, harassing, and intimidating Plaintiff because he exercised his Fair Housing Act rights.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

3. Venue is proper in the Eastern District of Maryland, under 28 U.S.C. § 1391(b) because those claims arose in this judicial district.

4. Plaintiff, LESTER LEE (hereinafter "LEE"), a Prince Georges County resident, is a person with a disability who rents and resides at 564 Wilson Bridge Drive, Unit D-2, Oxon Hill, Maryland 20745.

5.	Defendant, BROOKSIDE PARK CONDOMINIUM, INC. (hereinafter "Condo Association" or "BROOKSIDE"), is a Maryland for-profit corporation, with its principle address at 500 Wilson Bridge Drive, Oxon Hill, Prince George's County, Maryland 20745, that is responsible for administering and governing its housing complex pursuant to its Articles of Incorporation, Declaration of Condominium and By-Laws, and its Rules and Regulations.

6.	Defendant METROPOLIS, aka MCM, INC. (hereinafter "METROPOLIS") is a Maryland corporation having its main place of business at 4307 Gallatin Street Hyattsville MD 20781, Prince George's County, Maryland, at all times relevant, was the managing agent of BROOKSIDE, and employed as an on-site property manager at BROOKSIDE.

7.	Defendant RAMMY AZOULAY (hereinafter "AZOULAY") is the on-site community manager for METROPOLIS, was at all times relevant to this litigation an employee of METROPOLIS and an agent of BROOKSIDE.  AZOULAY's discriminatory acts and omissions as alleged herein took place in the course of his employment.

8.	BROOKSIDE, and its agents, METROPOLIS and AZOULAY, personally implemented and enforced a discriminatory denial of an accommodation to LEE with actual knowledge or reckless disregard of the illegality of such act.

9.	BROOKSIDE, and its agents, METROPOLIS and AZOULAY, have a pattern of discriminating against persons with disabilities by threatening disabled residents that have requested accommodations, and delaying and/or denying reasonable accommodations that are needed by disabled residents.

10.	Defendant CHARLES LAMONT SAVOY (hereinafter "SAVOY"), of 7906 Prentice Ct Fort Washington, Prince George's County, Maryland 20744 is the owner of the apartment which LEE resides in, and is the person whom LEE pays rent to under a month-to-month lease.

SAVOY personally implemented and enforced discriminatory denial of an accommodation to LEE with actual knowledge or reckless disregard of the illegality of such acts.

## GENERAL ALLEGATIONS

11.     The condominium units at BROOKSIDE are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b), FHA, and as such, are subject to the anti-discrimination provisions of the FHA.

12.     LESTER LEE is a Veteran and suffers from a psychiatric disability (PTSD), and micro seizures which both hinder his ability to live alone.  His disabilities manifest in a variety symptoms including high anxiety, difficulty sleeping, fear of crowds, mood swings, nervousness when entering new environments, self-harming behavior (such as chewing fingers, scratching, biting), and migraine headaches.  He experiences panic attacks during which he will freeze and be unable to move.  He also suffers from Hypertension borderline diabetes, blackouts/micro seizures and has a medic bracelet for the seizure condition.  Accordingly, LEE has a "handicap" pursuant to 42 U.S.C. § 3602(b), FHA.

13.     In order to have equal use and enjoyment of his home, it is imperative that LEE has the ability to live with his two Service Animals, named MaMa and Cashmere, because the dogs provide both psychiatric emotional support, physical support, and detect seizures and low blood pressure and blood sugar levels, which ameliorates the impacts of his disabilities.

14.     On March 7, 2024 a "VIOLATION LETTER – PIT BULLS AND BEING RESPONSIBLE OWNERS" from METROPOLIS to SAVOY was attached to the door of LEE's residence stating that 'your tenant possesses a Pit Bull breed/mix" and "[p]er the Community Rules and Regulations, that is not permitted to occur."  Ex. A.

15. On or about April 1, 2024, Defendants BROOKSIDE and SAVOY were provided a letter from LEE requesting a reasonable accommodation. Exs. B & C.

16. LEE requested a modification of the BROOKSIDE pet policy, which bars dogs it considers to be "pit bulls", so that he may reside in his unit with his prescribed service dogs named Mama and Cashmere.

17. LEE provided BROOKSIDE and SAVOY reliable verification of his disabilities and disability related need for the accommodation, which has been rejected.

18. SAVOY thereafter texted LEE and denied his request for reasonable accommodation.

19. BROOKSIDE has not provided a written response to LEE's request for reasonable accommodation letter.

20. After LEE formally requested an accommodation on April 1, 2024, SAVOY filed an eviction action falsely claiming that LEE failed to pay rent.

21. That eviction case is scheduled for trial tomorrow, April 25, 2024.

**COUNT I – FAILURE TO REASONABLY ACCOMMODATE AGAINST DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY**

22. LEE re-alleges and incorporates, by reference, all of the preceding paragraphs, as if fully set forth herein.

23. LEE has a disability-related need to live with his service animals.

24. BROOKSIDE, METROPOLIS, and AZOULAY, at all times relevant to this action had actual knowledge of LEE's disabilities.

25. LEE requested, as a reasonable accommodation of LEE's disabilities, a waiver of any pet restrictions that would exclude LEE's service animals.

26. LEE provided reliable verification of his handicap and disability-related need for an accommodation.

27. BROOKSIDE, METROPOLIS, and AZOULAY have failed to grant such an accommodation in a reasonable time, and such failure constitutes a constructive denial of said accommodation request.

28. BROOKSIDE, METROPOLIS, and AZOULAY's failure to modify its policies to accommodate for LEE's disabilities is discriminatory and unlawful.

29. Such actions by BROOKSIDE, METROPOLIS, and AZOULAY are in total and reckless disregard of LEE's rights, and show total indifference to LEE's disabilities.

30. The foregoing conduct and acts of Defendants BROOKSIDE, METROPOLIS, and AZOULAY constitutes discrimination against a person in violation of 42 U.S.C. § 3604(f)(2), (f)(3)(b), FHA, by discriminating on the basis of handicap in the provision of services or facilities in connection with such dwelling.

31. Defendants, BROOKSIDE, METROPOLIS, and AZOULAY, through its conduct and acts described above, violated 42 U.S.C. § 3604(f), FHA, by refusing to make a reasonable accommodation in its rules, policies, practices, or services, when such accommodations are necessary to afford LEE an equal opportunity to use and enjoy his dwelling.

32. Providing an accommodation to the pet rule so that LEE may live in his own residence within the BROOKSIDE community with his service animals would not (1) result in substantial physical damage to the property of others; (2) pose an undue financial and administrative burden; or (3) fundamentally alter the nature of BROOKSIDE, METROPOLIS, and AZOULAY operations.

33. As a direct and proximate result of BROOKSIDE, METROPOLIS, and AZOULAY's failure to accommodate, LEE suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

34. The discriminatory conduct and actions of BROOKSIDE, METROPOLIS, and AZOULAY were intentional, willful, and taken in blatant disregard of LEE's rights.

35. AZOULAY's illegal acts of discrimination took place in the course of his employment with METROPOLIS.

### COUNT II – FAILURE TO REASONABLY ACCOMMODATE AGAINST DEFENDANT CHARLES LAMONT SAVOY

36. LEE re-alleges and incorporates, by reference, all of the preceding paragraphs, as if fully set forth herein.

37. LEE has a disability-related need to live with his service animals.

38. CHARLES LAMONT SAVOY at all times relevant to this action had actual knowledge of LEE's disabilities.

39. LEE requested, as a reasonable accommodation of LEE's disabilities, a waiver of any pet restrictions that would exclude LEE's service animals.

40. LEE provided reliable verification of his handicap and disability-related need for an accommodation.

41. SAVOY has failed to grant such an accommodation in a reasonable time, and such failure constitutes a constructive denial of said accommodation request.

42. SAVOY's failure to modify its policies to accommodate for LEE's disabilities is discriminatory and unlawful.

43. Such actions by SAVOY are in total and reckless disregard of LEE's rights, and show total indifference to LEE's disabilities.

44. The foregoing conduct and acts of Defendant SAVOY constitutes discrimination against a person in violation of 42 U.S.C. § 3604(f)(2), (f)(3)(b), FHA, by discriminating on the basis of handicap in the provision of services or facilities in connection with such dwelling.

45. Defendant, SAVOY, through its conduct and acts described above, violated 42 U.S.C. § 3604(f), FHA, by refusing to make a reasonable accommodation in its rules, policies, practices, or services, when such accommodations are necessary to afford LEE an equal opportunity to use and enjoy his dwelling.

46. Providing an accommodation to the pet rule so that LEE may live in his own residence within the BROOKSIDE community with his service animals would not (1) result in substantial physical damage to the property of others; (2) pose an undue financial and administrative burden; or (3) fundamentally alter the nature of SAVOY's operations.

47. As a direct and proximate result of SAVOY's failure to accommodate, LEE suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

48. The discriminatory conduct and actions of SAVOY were intentional, willful, and taken in blatant disregard of LEE's rights.

### COUNT IV– RETALIATION IN VIOLATION OF 42 U.S.C. § 3617, BY DEFENDANT CHARLES LAMONT SAVOY

49. LEE re-alleges and incorporates, by reference, all of the preceding paragraphs, as if fully set forth herein.

50.     LEE requires the ability to live with his service dogs in order to have the same opportunity to enjoy his dwelling at BROOKSIDE as any non-disabled resident.

51.     After LEE formally requested an accommodation on April 1, 2024, SAVOY filed an eviction action falsely claiming that LEE failed to pay rent.

52.     SAVOY, through his conduct and actions described above, violated 42 U.S.C. § 3617, FHA by coercing, intimidating, threatening, or interfering with LEE's exercise and enjoyment of his rights recognized under the FHA.

53.     As a result of the threats and intimidation by SAVOY's, LEE suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

54.     The discriminatory conduct and actions of SAVOY were intentional, willful, and taken in disregard of LEE's rights.

### COUNT V– RESPONDENT SUPERIOR AGAINST METROPOLIS

55.     LEE re-alleges and incorporates, by reference, all of the preceding paragraphs, as if fully set forth herein.

56.     Defendant AZOULAY's discriminatory conduct occurred within the scope of employment by METROPOLIS.

57.     Under the doctrine of agency or *respondeat superior*, Defendant METROPOLIS, as AZOULAY'S employer, is liable for AZOULAY's acts and omission within the scope of his employment.

### COUNT VI– NEGLIGENT RETENTION BY METROPOLIS

58. LEE re-alleges and incorporates, by reference, all of the preceding paragraphs, as if fully set forth herein.

59. METROPOLIS, the community management association retained by BROOKSIDE to provide property management services at BROOKSIDE, owed a duty to all BROOKSIDE residents, including LEE, to exercise reasonable care in hiring and retaining safe and competent employees.

60. METROPOLIS was negligent in failing to discipline or terminate AZOULAY for his discriminatory acts towards LEE.

61. LEE has suffered damages as a result of METROPOLIS' negligent failure to terminate AZOULAY.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff LESTER LEE demands judgment against the Defendants BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.) RAMMY AZOULAY, and CHARLES LAMONT SAVOY to ensure that discrimination in violation of the Fair Housing Act does not occur in the future, to enjoin Defendants from discriminating against Plaintiff, and preventing discrimination to other persons based upon disability in the future as follows:

a) That the Court declares that the discriminatory housing practices of Defendants as set forth above, violate the Fair Housing Act;

b) That the Court enjoin BROOKSIDE PARK CONDOMINIUM, INC., from discriminating against any person based upon handicap by refusing to make a reasonable accommodation when such accommodation may be necessary to afford a person with a handicap an equal right to enjoy a dwelling;

c) That the Court enjoin Defendant BROOKSIDE PARK CONDOMINIUM, INC., to establish objective policies and procedures to permit an accommodation for a person with a disability;

d) That the Court enjoin Defendant METROPOLIS (aka MCM, INC.), to ensure that at each and every residential property managed by Defendant METROPOLIS (aka MCM, INC.), has in place objective policies and procedures that permit a person with a disability to obtain an accommodation;

e) That the Court order BROOKSIDE PARK CONDOMINIUM, INC., to grant Plaintiff's requested accommodation, which is a modification of the pet rule that currently prevents Plaintiff from residing in his residence with his service animals.

f) That the Court order CHARLES LAMONT SAVOY to grant Plaintiff's requested accommodation.

g) That the Court order an award of compensatory and punitive damages to Plaintiff LESTER LEE against Defendants to compensate him for his actual damages and for the humiliation and emotional distress caused by Defendants' discriminatory actions;

h) That the Court declare that the Defendants' actions were willful and wanton and in reckless disregard of the Plaintiff's civil rights under law;

i) That the Court award Plaintiff reasonable attorney's fees and costs incurred in bringing this action to enforce the Fair Housing Amendments Act;

j) That the Court grants such other relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Respectfully Submitted,

<u>/s/ Richard Rosenthal</u>
RICHARD BRUCE ROSENTHAL
545 E. Jericho Turnpike
Huntington Station, NY 11746
(631) 629-8111 (telephone)
richard@thedoglawyer.com
