UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| LESTER LEE<br><br>    Plaintiff,<br><br>vs.<br><br>BROOKSIDE PARK CONDOMINIUM, INC. METROPOLIS (aka MCM, INC.), RAMMY AZOULAY, AND CHARLES LAMONT SAVOY<br><br>    Defendants. | Case No. 8:24-cv-01205-TJS<br><br>**MOTION TO STRIKE DEFENDANTS' SECOND AND FOURTH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT (DOC. 24)** |

COMES NOW, Plaintiff LESTER LEE, by and through undersigned counsel, and hereby moves this Court to strike, pursuant to Fed. R. Civ. P. R. 12(f), Defendants' BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), and RAMMY AZOULAY's second and fourth Affirmative Defenses contained in their Complaint (Doc. 24), which are as follows: (1) "Plaintiff's claim is barred by illegality because Prince George's County ordinances prohibit the ownership of pit bulls."  (Doc. 24, p. 5, para. 2 of Affirmative Defenses); and (2) "Plaintiff's claim is barred by failure to meet a condition precedent." (Id. at para. 4).  A Memorandum of Law is attached hereto and incorporated herein.

Respectfully Submitted,

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
545 E. Jericho Turnpike
Huntington Station, NY 11746
(631) 629-8111 (telephone)
richard@thedoglawyer.com

## MEMORANDUM OF LAW

**I.     Introduction**

Defendants Brookside Park Condominium, Inc., Metropolis, and Rammy Azoulay answered Plaintiff Lester Lee's Complaint on May 15, 2024 (Doc. 16) and June 7, 2024 (Doc. 24).  The Complaints are identical.  The second and fourth affirmative defenses of the Complaint should be struck because they fail to give "fair notice."  The affirmative defenses which are being challenged herein are : (1) "Plaintiff's claim is barred by illegality because Prince George's County ordinances prohibit the ownership of pit bulls."  (Doc. 24, p. 5, para. 2 of Affirmative Defenses); and (2) "Plaintiff's claim is barred by failure to meet a condition precedent." (Id. at para. 4).

**II.     Legal Standard**

An affirmative defense may be struck if the pleadings do not meet the requirements of Rules 8 and 9.  The purpose of Fed R. Civ. P. 8(c) is to ensure that a plaintiff will have fair notice of any issues outside of the pleadings that may be raised at trial.  *See Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010) (citing *Hewitt v. Mobile Res. Tech., Inc.*, 285 F. App'x 694, 696 (11th Cir. 2008) (per curiam)).  An affirmative defense is defined by the Fourth Circuit as,

> 'the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true. Generally speaking, affirmative defenses share the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to.'

*Bryant Real Estate, Inc. v. Toll Bros.*, 106 Fed. Appx. 182, 185-186 (4th Cir. 2004) (internal citations omitted).  "An affirmative defense may be plead in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense."  *Clem v.*

*Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (quoting 5 Charles Allan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1274, at 455-56 (2d ed. 1990)).  "[B]y any standard affirmative defenses must be set forth only in sufficient detail to give fair notice and thereby prevent surprise."  *See Palmer v. Oakland Farms, Inc.*, Unreported No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, *1375 (DNJ, 2009) (citing *United States ex rel. Monahan v. Robert Wood Johnson Univ Hosp. At Hamilton*, 75 Fed. R. Serv.3d 281 (DNJ, 2009)).

### III.     Second Affirmative Defense

Defendants' second affirmative defense is that "Plaintiff's claim is barred by illegality because Prince George's County ordinances prohibit the ownership of pit bulls."  (Doc. 24, p. 5, para. 2 of Affirmative Defenses).  This defense fails to give Plaintiff fair notice as required by Fed R. Civ. P. 8(c).

In *Warren v. Delvista Towers Condo. Ass'n*, Unreported No. 13-23074-CIV, 2014 U.S. Dist. LEXIS 206107, *16 (S.D. Fl. June 30, 2014), the defendants plead the following affirmative defense: "Plaintiff's request to allow his dog to stay in Delvista is in direct violation of county law.".  *Id.* (internal citation and quotation marks omitted).  That court struck this affirmative defense because the defendants did "not adequately identify the county ordinance Plaintiff allegedly violated by keeping [his dog]", and thus this affirmative defense failed to give the plaintiffs "fair notice' of the claim and the grounds upon which it rests.  *Id.* at *17.

Defendants in the above captioned case, likewise, do not adequately identify the county ordinance Plaintiff allegedly violates by keeping his dogs.  Although this affirmative defense sets forth the existence of "Prince George's County ordinances", it fails to give "fair notice" of the claim and grounds upon which it rests.  If the Defendants had set forth the specific county ordinance it is referring to, this would have sufficed for "fair notice."

### IV.      Fourth Affirmative Defense

Defendants' fourth affirmative defense states that "Plaintiff's claim is barred by failure to meet a condition precedent."((Doc. 24, p. 5, para. 4 of Affirmative Defenses).  As explained in the following case, "[a] general denial that conditions precedent have occurred or been performed is insufficient because it does not comport with the particularity requirement of Rule 9(c)."  *United States EEOC v. Route 22 Sports Bar, Inc.*, unreported No. 5:21-CV-7, 2021 U.S. Dist. LEXIS 115532, *22-23 (N.D.W. Va., June 20, 2021); *see also Id.* (citing *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 332 n.14 (5th Cir. 2012) ("'Smith included in its answer only a general denial that all conditions precedent had been satisfied, which is insufficient under Fed. R. Civ. P. 9(c).'"); *EEOC v. United Parcel Serv.*, 2017 U.S. Dist. LEXIS 101564, 2017 WL 2829513, at *14 (E.D. N.Y. June 29, 2017) ("striking affirmative defense that 'badly assert[s] that the EEOC has failed to satisfy its pre-suit requirements without providing additional factual allegations'").

Because this affirmative defense fails to provide any factual allegations as to, for example what the condition precedent is, it fails to give "fair notice" to Plaintiffs, and thus must be struck.

### V.      Conclusion

Plaintiff Lester Lee requests this Honorable Court strike Defendants' second and fourth affirmative defenses.

>                                    Respectfully Submitted,
>
>                                    /s/ Richard Rosenthal
>                                    RICHARD BRUCE ROSENTHAL
>                                    545 E. Jericho Turnpike
>                                    Huntington Station, NY 11746
>                                    (631) 629-8111 (telephone)
>                                    richard@thedoglawyer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June 2024, copies of the foregoing Motion to Strike was served upon Defendants by operation of the Federal Court's ECF system.

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL