UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LESTER LEE,**<br><br>    PLAINTIFF<br><br>v.<br><br>**BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY AND LAMONT SAVOY**<br><br>    DEFENDANTS | **Case No. 8:24-cv-01205-TJS** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS SECOND AND FOURTH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Brookside Park Condominium, Inc., Metropolis (aka MCM, Inc.), and Rammy Azoulay (Collectively "Brookside"), through their attorneys Anthony D. Dwyer and Eccleston and Wolf, P.C., respectfully submits the following Opposition to Plaintiff's Motion to Strike Defendants' Second and Fourth Affirmative Defenses to Plaintiff's Complaint. The Court should deny plaintiff's motion because (1) Brookside has provided Plaintiff with proper notice of their Second Affirmative Defense. This motion is disingenuous. The PG ordinance is cited in a letter attached to the complaint, which is Prince George's County Maryland, § 3-185.01 (1997), and (2) Brookside is entitled to medical information prior to granting an accommodation thus the motion to strike the Fourth Affirmative Defense Should be Denied. Alternatively, Brookside is entitled to a Motion For a More Definite Statement thus Plaintiff's request to strike The Fourth Affirmative Defense should be denied. Also, it would be premature to strike any affirmative defenses. A

Memorandum of Law is attached hereto and incorporated herein. hereby submit this memorandum of law in support of their opposition to the motion to strike the second and fourth affirmative defenses. As stated previously, the motion should be denied because plaintiff is on notice of the PG ordinance banning pit bulls and a letter with the citation of the ordinance is attached to the complaint. It is disingenuous. Additionally, plaintiff is on notice of a condition precedent of the need to provide medical documentation to support a claim for an accommodation. Lastly, the motion should be denied as premature.

**Legal Standard:**

Striking a defense from a pleading is a "drastic remedy" generally disfavored by the courts. *See Arora v. Daniels*, 3:17-cv-134, 2018 U.S. Dist. LEXIS 55777, 2018 WL 1597705, *14 (W.D.N.C. Apr. 2, 2018) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). The purpose of Fed R. Civ. P. 8(c) is to "Give the opposing party notice of the defense and to permit the opposing party to develop in discovery and present both evidence and argument before the district court responsive to the defense." *Rhodes v. United States*, 967 F. Supp. 2d 246, 252 (D.D.C. 2013). Rule 8(c), on the other hand, requires that all "avoidance or affirmative defenses" be affirmatively pled in the answer. We have defined these defenses as "the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true. Generally speaking, affirmative defenses share the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to." *Emergency One, Inc. v. American Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003) (citation and quotation marks omitted). Under Fed. R. Civ. P (9)(c) (c) Conditions Precedent, in pleading conditions precedent it suffices to allege generally that all conditions

precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

### I. **Brookside Defendants Have Provided Plaintiff With Proper Notice of Their Second Affirmative Defense.**

Striking a defense from a pleading is a "drastic remedy" generally disfavored by the courts. *See Arora v. Daniels*, 3:17-cv-134, 2018 U.S. Dist. LEXIS 55777, 2018 WL 1597705 (W.D.N.C. Apr. 2, 2018) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). The purpose of Fed R. Civ. P. 8(c) is to "Give the opposing party notice of the defense and to permit the opposing party to develop in discovery and present both evidence and argument before the district court responsive to the defense." *Rhodes v. United States*, 967 F. Supp. 2d 246, 252 (D.D.C. 2013).

In *Moore v. United States*, 318 F. Supp. 3d 188, 193 (D.D.C. 2018), the Plaintiff moved to strike Defendants affirmative defense of Contributory Negligence based on failure to provide fair notice. In rejecting Plaintiff's challenge, the Court relied on *Paleteria La Michoacana v. Productos Lacteos*, 905 F. Supp. 2d 189 (D.D.C. 2012), which found "Sufficient the "common practice" of presenting each affirmative defense in a single sentence." Further, "Discovery provides the proper avenue for further investigation into the claims and affirmative defenses raised, at which time the Court may determine the sufficiency of both." *Paleteria*, 905 F. Supp. 2d at 192-93.

Here, Plaintiff asserts Brookside Defendants failed to give fair notice as to the exact county ordinance, that is asserted in the Answer. Pl. Motion at 3. However, the case they rely on is an unreported decision and should not serve as controlling authority. *Id*. Much like in *Paleteria*, Brookside Defendants Second Affirmative Defense is completed in one sentence, thus it should not be stricken. Further, Counsel for the Plaintiff is already aware of the ordinance, raised in the

3

Brookside Defendants answer. This is because Counsel for the Plaintiff cited the ordinance, in a letter attached to the Complaint, which is Prince George's County Maryland, § 3-185.01 (1997). In addition to Plaintiff failing to cite controlling authority, their Motion is premature under the holding of *Paleteria* as Discovery has not occurred. Thus, the Court should allow Discovery to occur first, before making a determination to strike Brookside Defendants Second Affirmative Defense.

## II. Brookside Defendants Are Entitled to a Motion For a More Definite Statement Thus Plaintiff's Request to Strike The Fourth Affirmative Defense Should be Denied.

Rule 9(c) provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." The court does not, however, find the "drastic remedy" of striking such Answer to be appropriate. Instead, the better remedy is a "motion for more definite statement" under Rule 12(e), which is applicable to answers as well as complaints. *EEOC v. Bo-Cherry, Inc.,* No. 3:13-cv-00210-MOC-DSC, 2013 U.S. Dist. LEXIS 74627 (W.D.N.C. May 28, 2013).

Here, Plaintiff requests that the Court Strike Brookside Defendant's Fourth Affirmative Defense, based on failing to comport with Fed. R. Civ. P 9(c). Pl Motion at 4. However, under the holding of *Bo-Cherry, Inc.*, the proper remedy in this situation is a motion for a more definite statement. The condition precedent not met is that plaintiffs have not supplied any medical documentation supporting the claimed need for an accommodation. Brookside Defendants respectfully ask that the Court deny Plaintiff's Motion to Strike Brookside Defendant's Fourth Affirmative Defense, and instead allow for Brookside to provide a more definite statement as to the defense of failure to meet a condition precedent.

Thus, Plaintiff's Motion to Strike Brookside Defendants Fourth Affirmative Defense should be denied, and instead this Court should give Brookside Defendants the opportunity to provide a more definite statement.

### III.   Conclusion:

WHEREFORE, Brookside Defendants respectfully ask the Court, to deny Plaintiff's Motion to strike Brookside Defendants second and fourth affirmative defenses.

Respectfully submitted,

*/s/Anthony D. Dwyer* _____
Anthony D. Dwyer (415575)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dwyer@ewva.com
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2024, copies of the foregoing **DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS SECOND AND FOURTH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** were served by first-class mail, postage prepaid to:

        Richard Bruce Rosenthal, Esq.
        545 E. Jericho Turnpike
        Huntington Station, NY 11746
        631.629.8111 (Phone
        richard@thedoglawyer.com
        *Pro Hac Vice*

                              */s/Anthony D. Dwyer*
                              Anthony D. Dwyer (415575)