IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LESTER LEE,<br>    *Plaintiff*,<br><br>v.<br><br>BROOKSIDE PARK CONDOMINIUMS, *et al.*,<br>    *Defendants* | Civil Action No.<br>8:24-cv-01205-ABA |

**ORDER**

This case has been reassigned from Judge Griggsby to me for all proceedings. It is hereby ORDERED as follows:

1. The Case Management Order previously entered in this case, ECF No. 37, is superseded and will no longer apply. The standard Federal Rules of Civil Procedure, and Local Rules, apply.

2. With the exception of ECF No. 37, all orders previously entered in this case remain in effect.

3. Pursuant to Federal Rules of Civil Procedure 8(c) and 12(f), Plaintiff has filed a motion to strike two of the affirmative defenses asserted by Defendants Brookside Park Condominium, Inc., Metropolis (aka MCM, Inc.), and Rammy Azoulay (collectively, "Brookside"): Affirmative Defense 2 ("Plaintiff's claim is barred by illegality because Prince George's County ordinances prohibit the ownership of pit bulls."), and Affirmative Defense 4 ("Plaintiff's claim is barred by failure to meet a condition precedent."). A party against whom claims are asserted, in addition to "admit[ting] or deny[ing] the allegations asserted against it," Fed. R. Civ. P. 8(b)(1)(B), and "stat[ing] in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), shall "affirmatively state any avoidance or

affirmative defense," Fed. R. Civ. P. 8(c)(1). As to Affirmative Defense 2, Defendants have satisfied their notice obligations, particularly given that Exhibit A to Plaintiff's complaint itself referred to Prince George's County Code, § 3-185.01. As to Affirmative Defense 4, Defendants have identified the condition precedent they had in mind, *see, e.g.*, ECF No. 38-1 at 1 ("Brookside is entitled to medical information prior to granting an accommodation"), and in any event with both parties seeking additional information about the others' claims and defenses, the proper means at this point is through discovery. Accordingly, Plaintiff's Motion to Strike, ECF No. 36, is DENIED.

4.   A proposed Scheduling Order is attached to this order. Please review it, confer, and file a joint status report by **Friday, October 18, 2024**, stating whether you: 1) request any changes to the dates in the proposed Scheduling Order; 2) would like to participate in a settlement conference and, if so, the phase of the case in which you propose that a conference be scheduled (e.g., promptly, or after the conclusion of discovery, etc.); 3) unanimously consent to proceed before a United States Magistrate Judge; 4) anticipate exchanging discovery of electronically stored information (ESI), and, if so, whether you presently anticipate any disputes regarding ESI-related discovery; and 5) propose to defer any of the expert discovery until after summary judgment motions are resolved.

In addition, by separate letter order, dated today, I am providing you with my informal discovery dispute procedure, which will govern all future discovery in this case.

Date:   October 4, 2024                           /s/
                                                  Adam B. Abelson
                                                  United States District Judge