In the United States District Court
For the District of Maryland

LESTER LEE,
Plaintiff, Pro Se

v.                              8:24-cv-01205-ABA

BROOKSIDE PARK CONDOMINIUM, INC.,
METROPOLIS (aka MCM, INC.),
RAMMY AZOULAY, and
LAMONT SAVOY,
Defendants.

## PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

Plaintiff, Lester Lee, Pro Se, respectfully moves this Court to disqualify Defendants' counsel, including attorneys Anthony D. Dwyer and Henry T. Carkhuff, on grounds of ethical misconduct, multiple representation conflicts, misuse of discovery, retaliatory coordination, and violations of the Rules of Professional Conduct. The following facts and memorandum of law support this motion:

1. **Improper Representation and Conflicts of Interest**: Attorney Anthony D. Dwyer previously represented Stuart Rogel in related litigation, yet now represents Brookside Park Condominium, creating an impermissible conflict under Maryland Rule 1.9. Joint representation of multiple defendants with competing interests (Brookside Park, Metropolis, and Rammy Azoulay) violates Rule 1.7 due to material limitations on counsel's ability to provide independent advice.

2. **Lawyer-as-Witness Rule Violation**: Mr. Dwyer and Mr. Carkhuff are likely witnesses to disputed conduct including surveillance coordination, discovery interference, and retaliatory inspections. Rule 3.7 prohibits such dual roles. Plaintiff intends to call both as witnesses and further notifies the Court of intent to call their supervising attorneys at both Eckert Seamans Cherin & Mellott, LLC and Eckelson & Wolf, P.C., in Maryland and Virginia.

3. **Deposition Irregularities and Fabricated Evidence**: As detailed in the Affidavit of Deposition Irregularities, DPIE Inspector David McLaurin was not the assigned inspector. The individual Plaintiff coordinated with was Judith Groves, who did not testify. McLaurin entered the unit without appropriate authority, returned later to affix a condemnation notice, and his testimony contradicted key facts. He admitted he had no HVAC certification, yet deemed the unit unfit. This deposition was coached, contained off-the-record breaks, and introduced surprise photographic evidence mid-deposition without prior disclosure.

4. **Coordinated Discovery Abuse**: Defendants jointly served more than 25 interrogatories without leave of Court in violation of Rule 33(a)(1), using discovery to harass and fatigue Plaintiff. Responses were filed referencing unsigned and unauthorized interrogatories in a motion to dismiss, violating Rule 26(g).

5. **Surveillance and Privacy Violations**: Counsel is implicated in surveillance targeting Plaintiff, including use of peephole and Ring cameras authorized by Board President Robert Haddad and coordinated with non-party Latresa Hicks. AI-powered surveillance (license plate readers, facial recognition) was installed without notice, violating Maryland

Wiretap and Consumer Protection Acts, and constituting retaliation under 42 U.S.C. § 3617.

6. **Misrepresentation of Precedent and Legal Authority**: Defendants' use of Scoggins v. Lee's Crossing HOA misrepresents the holding and is misleading under Rule 3.3. Scoggins affirms the need for individualized consideration of disability accommodations.

7. **Supervisory Review Requested**: Plaintiff respectfully requests the Court refer Anthony D. Dwyer and Henry T. Carkhuff to appropriate disciplinary bodies, including the Maryland Attorney Grievance Commission, based on violations of Rules 1.7, 1.9, 3.3, 3.7, and 8.4.

8. **Supporting Documents**: This motion is supported by the Memorandum of Law in Support of Plaintiff's Motion to Disqualify Counsel, the Affidavit of Deposition Irregularities, and all referenced exhibits. Plaintiff reserves the right to supplement the record.

WHEREFORE, Plaintiff respectfully prays that the Court:

- Grant the motion to disqualify Anthony D. Dwyer and Henry T. Carkhuff as counsel;
- Bar their further participation in this matter;
- Refer their conduct to relevant disciplinary authorities;
- Schedule evidentiary hearing if needed to determine material facts;
- Grant such other relief as justice may require.

**Respectfully submitted,**

**Dated:** June 15, 2025

Lester Lee

Plaintiff, Pro Se

In the United States District Court
For the District of Maryland

LESTER LEE,
Plaintiff, Pro Se

v.                                  8:24-cv-01205-ABA

BROOKSIDE PARK CONDOMINIUM, INC.,
METROPOLIS (aka MCM, INC.),
RAMMY AZOULAY, and
LAMONT SAVOY,
Defendants.

## Certificate of Service

I hereby certify that on this 15th day of June 2025, a true and correct copy of the foregoing Motion to Disqualify Counsel was served via email and/or U.S. Mail, first class postage prepaid, upon the following:

- Henry T. Carkhuff, Esq.
  Eckert Seamans Cherin & Mellott, LLC (Maryland Office)
  hcarkhuff@eckertseamans.com
  Eckelson & Wolf, P.C. (Maryland Office)
  hcarkhuff@ewmd.com

- Anthony D. Dwyer, Esq.
  Eckert Seamans Cherin & Mellott, LLC (Virginia Office)
  adwyer@eckertseamans.com
  Eckelson & Wolf, P.C. (Virginia Office)
  adwyer@ewva.com

- Richard B. Rosenthal, Esq. (former counsel)

Lester Lee
Plaintiff, Pro Se