In the United States District Court

For the District of Maryland

LESTER LEE,
    Plaintiff, Pro Se

v.                    Civil Action No. 8:24-cv-01205-ABA

BROOKSIDE PARK CONDOMINIUM, INC.,
METROPOLIS (aka MCM, INC.),
RAMMY AZOULAY, and
LAMONT SAVOY,
    Defendants.

### Affidavit of Deposition Irregularities – David McLaurin Deposition

I, Lester Lee, hereby declare under penalty of perjury that the following is true and based on my personal knowledge unless otherwise indicated:

1. At the start of Mr. McLaurin's deposition, attorney Henry Carkhuff made a peculiar remark that "we're not here to trick you." This was an unusual preface for questioning a witness the defense itself had called. It foreshadowed leading questions and coached answers that suggest the deposition was not conducted in good faith.

2. Mr. McLaurin was not the inspector I coordinated with. That was Judith Groves, who arrived approximately 20 minutes after Mr. McLaurin had been parked outside my apartment. Ms. Groves is the one who arranged the inspection based on my HVAC complaint. Mr. McLaurin misrepresented his authority and presence that day.

3. During the deposition, Mr. McLaurin claimed he entered my apartment at my insistence, even though he had just stated he was not authorized to address outside HVAC

issues. If DPIE had no authority to inspect HVAC, then there was no reason to enter my unit.

      4. On multiple occasions, Mr. McLaurin avoided stating why he was asked to attend the inspection, only naming his supervisor, Mr. Waters, and failing to provide context. The lack of transparency raises suspicion that the visit was retaliatory.

      5. The defense repeatedly asked Mr. McLaurin which floor my unit was on and whether there were other residents. This line of questioning appeared aimed at justifying complaints by a downstairs neighbor who lives two floors below me, contradicting claims that my dogs were directly above her.

      6. Photographs submitted as evidence were not shared with my attorney prior to the deposition. Mr. McLaurin admitted he failed to print them and had them only on his phone and in an email. The defense emailed them mid-deposition. This is a violation of discovery rules and disadvantaged my counsel.

      7. Mr. McLaurin answered questions about the breed, size, behavior, and smell of my service dogs despite not being qualified to evaluate animal-related matters. This exceeded the scope of a code enforcement officer.

      8. Mr. McLaurin testified there was no bed, food, or hygiene items and implied I was not living there. This was a subjective and legally irrelevant conclusion for a DPIE inspector to make and again, outside his scope.

      9. Mr. McLaurin testified that he deemed the unit unfit for human habitation, yet he did not sign the condemnation paperwork. That was done by someone else. He then

returned later to affix the condemnation notice to the door, without informing me or following protocol.

10. Finally, Mr. McLaurin invoked his right to read and sign the transcript, despite being a government inspector—not a defendant. This suggests he was concerned about the record of his answers and may have been aware of inconsistencies.

11. The presence of his supervisor, the repeated breaks, and shifting tone of questioning reflect coordination off the record and an attempt to shape testimony to fit a predetermined narrative.

12. The actual inspector assigned—Judith Groves—was not deposed. Her absence, despite her signature on the notice of violation, reinforces the concern that Mr. McLaurin was inserted to manufacture testimony that would not hold up under scrutiny.

13. All factual representations made in this affidavit are derived directly from the full transcript of the deposition of David McLaurin, which is part of the court record in this case. Plaintiff reserves the right to introduce the complete transcript by reference and/or certified copy if necessary.

Executed on: June 15, 2025

Signed: _____
Lester Lee
Plaintiff Pro Se

## Certificate of Service

      I hereby certify that on this 15th day of June, 2025, a true and correct copy of the foregoing Affidavit of Deposition Irregularities was served via email and/or U.S. Mail, first class postage prepaid, upon the following:

- Henry T. Carkhuff, Esq.
  Eckert Seamans Cherin & Mellott, LLC
  hcarkhuff@ewmd.com

- Anthony D. Dwyer, Esq.
  Eckelson & Wolf, P.C. / ewva.com
  adwyer@ewva.com

- Richard B. Rosenthal, Esq. (former counsel)
  [Insert email if applicable]

_____
Lester Lee
Plaintiff Pro Se