IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LESTER LEE,
    Plaintiff Pro Se

v.                  Case No. 8:24-cv-01205-ABA

BROOKSIDE PARK CONDOMINIUM, INC.,
METROPOLIS (aka MCM, INC.),
RAMMY AZOULAY, and
LAMONT SAVOY,
    Defendants.

## PLAINTIFF'S MOTION TO STRIKE ABUSIVE DISCOVERY RESPONSES AND INTERROGATORIES

COMES NOW Plaintiff Lester Lee, appearing pro se, and respectfully moves this Honorable Court to strike the abusive and excessive discovery responses and interrogatories served by Defendants Brookside Park Condominium, Inc., Metropolis (MCM, Inc.), and Rammy Azoulay. In support of this motion, Plaintiff states the following:

1. Plaintiff is a disabled individual proceeding pro se in this matter. Defendants are represented by shared or closely aligned legal counsel and have issued interrogatories and discovery requests that far exceed the numerical limits and ethical bounds permitted under federal law.

2. Defendants have coordinated discovery across three parties in a manner designed to overwhelm, harass, and retaliate against Plaintiff. The combined number of interrogatories exceeds the limit imposed by Fed. R. Civ. P. 33(a)(1), which permits no more than 25 written interrogatories per party without leave of court.

3. These discovery requests include duplicative, coercive, irrelevant, and retaliatory questions—many of which mischaracterize the facts, demand information not reasonably calculated to lead to admissible evidence, and were timed to take advantage of Plaintiff's prior lack of formal representation.

4. Defendants' discovery conduct is not merely procedurally excessive, but also evidences bad faith and intentional abuse of the discovery process. The interrogatories were served while Plaintiff's motion to proceed pro se was still pending and while critical matters—such as counsel disqualification—remained unresolved.

5. Plaintiff further notes that several discovery responses were inadvertently released in unsigned, draft form and were never authorized for formal production. Defendants now seek to capitalize on this error in bad faith.

6. In addition, defense counsel engaged in unprofessional conduct during Plaintiff's deposition, verbally berating prior counsel and further intimidating Plaintiff as part of a broader pattern of discovery abuse.

7. The discovery at issue is clearly excessive, retaliatory in nature, and coordinated in a way that violates the spirit and letter of the discovery rules.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Strike all interrogatories and discovery responses served by Defendants in violation of Rule 33;

(b) Bar Defendants from issuing further written discovery until the Court rules on Plaintiff's pending motions, including the Motion to Disqualify Counsel and Motion for Protective Order;

(c) Sanction Defendants and/or their counsel for abuse of the discovery process;

(d) Grant any other relief this Court deems just and proper.

A supporting Memorandum of Law, Declaration, and Proposed Order are attached hereto.

Respectfully submitted,

Lester Lee
Plaintiff Pro Se
Email: llee.documents@gmail.com
Date: June 16, 2025