IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LESTER LEE,
    Plaintiff Pro Se

v.              Case No. 8:24-cv-01205-ABA

BROOKSIDE PARK CONDOMINIUM, INC.,
METROPOLIS (aka MCM, INC.),
RAMMY AZOULAY, and
LAMONT SAVOY,
    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ABUSIVE DISCOVERY

### I. Legal Standard – Limits on Interrogatories

Federal Rule of Civil Procedure 33(a)(1) provides:

*"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."*

This 25-interrogatory limit applies **per party**, and courts will strike excess interrogatories served without leave of court. See *KCC Int'l, Inc. v. Phoenix Automation, Inc.*, No. 1:17-cv-01276, 2020 WL 2736431, at *2 (D. Md. May 26, 2020).

The rule exists to prevent litigants from **weaponizing discovery** and overwhelming the opposing party, especially where there is an imbalance in legal resources.

### II. Coordinated Interrogatories from Jointly Represented Defendants

Here, three Defendants—Brookside Park Condominium, Metropolis (MCM), and Rammy Azoulay—are either jointly represented or aligned through coordinated legal efforts. Each issued their own set of interrogatories and requests for production, resulting in **more than 80 interrogatories** in total—**a direct violation** of Rule 33(a)(1).

Courts have repeatedly held that coordinated or joint parties cannot sidestep the 25-interrogatory cap simply by issuing separate packets while acting in concert. See *Safeco of America v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("A party cannot avoid Rule 33's limitation by using multiple parties to propound interrogatories in a coordinated fashion.").

### III. Retaliatory and Harassing Nature of Discovery

Beyond the numerical violation, the interrogatories in this case reflect an intent to harass and retaliate. They include:

- Requests for irrelevant, prejudicial, or inflammatory information;
- Mischaracterizations of Plaintiff's disability, housing history, and character;
- Attempts to extract admissions unrelated to any valid defense;
- Inquiries that appear designed to intimidate, not to inform.

This type of abusive discovery is routinely condemned. See *McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006) ("Discovery is not a license to conduct a fishing expedition or subject an opposing party to harassment.").

### IV. Procedural Misuse and Bad Faith

The interrogatories were served **before Plaintiff's motion to proceed pro se was granted**, and before the Court had an opportunity to rule on whether counsel for Defendants—Anthony D. Dwyer—should be disqualified. The timing reflects a bad-faith effort to extract concessions and force procedural errors while Plaintiff was unrepresented.

The Court may use its inherent authority under *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991), to sanction improper litigation conduct that undermines the integrity of the process.

### V. Plaintiff's Pro Se and Disabled Status Warrants Protective Measures

Plaintiff is a pro se litigant with documented disabilities. The discovery behavior here clearly seeks to exploit Plaintiff's procedural vulnerability, creating litigation fatigue through volume, repetition, and intimidation.

Courts have discretion to **strike excessive or abusive discovery** where it imposes unfair burdens. See *Armour v. Network Solutions, Inc.*, No. DKC 09-0121, 2010 WL 2425343, at *2 (D. Md. June 10, 2010) (recognizing court's duty to protect parties from burdensome and irrelevant discovery).

### Conclusion

Defendants' conduct violates the Federal Rules of Civil Procedure and the principles of fair litigation. The Court should intervene to strike the discovery in question and prevent further abuse.

Respectfully submitted,

Lester Lee
Plaintiff Pro Se
Email: llee.documents@gmail.com
Date: June 16, 2025