IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

LESTER LEE,
Plaintiff,

v.     Civil Case No. 8:24-cv-01205-ABA

BROOKSIDE PARK CONDOMINIUM, INC.,
METROPOLIS (aka MCM, INC.),
RAMMY AZOULAY, and
LAMONT SAVOY,
Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff Lester Lee respectfully submits the following memorandum of law in support of his Motion for Protective Order.

## I. LEGAL STANDARD

Under Fed. R. Civ. P. 26(c)(1), a court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The court has broad discretion to fashion such protective orders and to restrict discovery that is abusive, excessive, or retaliatory.

## II. APPLICATION TO THIS CASE

In the instant matter, Defendants have exceeded discovery limits, coordinated interrogatories among multiple parties, and used discovery to harass Plaintiff by targeting

his disability, housing status, and unrelated personal history. This conduct violates both the letter and spirit of Rule 26(c).

The protective order sought is further justified by:

- Violations of Rule 33(a)(1), which caps interrogatories at 25 per party;
- The use of coordinated interrogatories among jointly represented Defendants to circumvent this limit;
- The timing of interrogatories and depositions while Plaintiff's motion to proceed pro se and other critical motions were still pending;
- The use of surveillance and unlawful access to Plaintiff's unit, raising privacy and wiretap concerns;
- The repeated targeting of Plaintiff's disabilities and service animals, in violation of the Fair Housing Act (42 U.S.C. § 3617) and the Americans with Disabilities Act.

## III. PRO SE AND DISABLED STATUS

Plaintiff is entitled to reasonable accommodation and protection from litigation tactics designed to exploit his status as a pro se and disabled litigant. Discovery has been wielded in a way that multiplies burdens, rather than seeks truth. Courts routinely afford leeway and protection to ensure access to justice for unrepresented and vulnerable parties.

## IV. CONCLUSION

The requested protective order is essential to ensuring a fair, efficient, and non-retaliatory process in this matter. Plaintiff respectfully asks the Court to grant the requested relief and any other just and proper measures necessary to prevent further abuse.

Respectfully submitted,

Lester Lee
Plaintiff Pro Se
Email: llee.documents@gmail.com
Date: June 16, 2025