UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LESTER LEE,<br><br>    PLAINTIFF<br><br>v.<br><br>BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY AND LAMONT SAVOY<br><br>    DEFENDANTS | Case No. 8:24-cv-01205-ABA |

**DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO *pro-se* PLAINTIFF LESTER LEE'S MOTION TO STRIKE ABUSIVE DISCOVERY RESPONSES AND INTERROGATORIES**

COMES NOW, Defendants Brookside Park Condominium, Inc., Metropolis (aka MCM, Inc.), and Rammy Azoulay (Collectively "Brookside"), through their attorneys Anthony D. Dwyer and Eccleston and Wolf, P.C., hereby respectfully asks the Court to deny Plaintiff's Motion to Strike Abusive Discovery Responses and Interrogatories and for grounds therefore state as follows:

1. On April 11, 2025 this Court issued an Order ordering Plaintiff to respond to Defendant's Interrogatories and document requests by May 11, 2025.

2. On May 14, 2025, while being represented by counsel, Plaintiff provided unexecuted answer's to Brooksides discovery requests. **Exhibit 1**.

3. The Court provided Plaintiff with additional time to respond to Brookside's discovery requests. Plaintiff was ordered to provide responses by June 18, 2025. Plaintiff has failed to do so and instead filed various meritless motions.

4. Plaintiff alleges Brookside violated Rule 33(a) when it propounded Interrogatories in excess of 25 interrogatories. *See* Motion (ECF No. 59-2). However, Plaintiff has waived this argument when he failed to file timely responses and when his former counsel nonetheless answered them unexecuted on May 14, 2025. **Exhibit 1**.

5. The mere fact Plaintiff was unaware his attorney served the Interrogatory responses unexecuted makes no difference. At the time they were served, Plaintiff was still being represented by counsel. **Exhibit 1**.

6. Additionally, Plaintiff avers the information sought by Brookside is invasive. Motion ¶4. Further, Plaintiff alleges certain Interrogatories seek to harass him, because they seek information about his prior residential history at Brookside and his claims for a service animal. Id. However, Plaintiff's argument fails because he put his mental health and other health related issues when he filed suit against Brookside for violation of the Fair Housing Amendment Act.

7. Brookside is the true aggrieved party. Due to the actions of Plaintiff's former counsel and now the Plaintiff – Brookside's ability to defend this case has been prejudiced by Plaintiff's inactions and it has spent extensive legal time filing motions to obtain discovery. The discovery has been pending since August 2024 and is still not answered even though this court entered an order compelling responses.

8. Finally, Plaintiff's argument that defense counsel acted inappropriately is also meritless. Motion ¶8. Counsel for Brookside simply reminded then counsel for Plaintiff that they had failed to provide timely responses. The exchange was as follows:

> MR. DWYER: Okay. I'd like to get
> that paperwork, Mr. Rosenthal, I -- I've not
> gotten any discovery from you at all. We
> have a motion pending on that, but I'd like
> that paperwork, as well. Any other law --
> any other lawsuits that you have?

MR. ROSENTHAL: You can send me --
if you send -- I -- I -- to the extent we
have copies, I'm happy to provide it.
Otherwise, if you want to send me a release
for the HUD, we'll be happy to sign a
release.

MR. DWYER: Well, you've not
answered any discovery, but we'll -- we'll
talk about that later.

MR. ROSENTHAL: Okay. **Exhibit 2**, Deposition of Lester Lee p. 18.

9. The paperwork counsel for Brookside sought in the above exchange was related to a potential lawsuit Plaintiff contemplated bringing against Brookside before this current suit was filed. **Exhibit 2** p. 17.

10. Such information is clearly discoverable under the rules of discovery. Further, counsel for Brookside's interaction with then counsel for Plaintiff was not intimidating or in any manner inappropriate.

## POINTS AND AUTHORITIES:

11. When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[1]); *Paananen v. Cellco P'ship*, No. CO8-1042, 2009 U.S. Dist. LEXIS 98997, 2009 WL 3327227, 5 (W.D. Wash. 2009) ("the best rule, and the one this Court applies here, is that a responding party must answer the first 25 interrogatories").

12. If a party, instead, decides to answer some or all of the allegedly excessive interrogatories, it waives its objection that the requesting party has violated Rule 33's limit on the number of interrogatories a party may serve. *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. LEXIS 147695, 2010 WL 11474937, at *1 n.2 (E.D. Pa. Jan. 22, 2010) ("Notwithstanding [d]efendant's non-waiver statement, it remains established that if a party selectively answers interrogatories, it has waived its objections [under Rule 33(a)] as to the remaining interrogatories."); *Capacchione*, 182 F.R.D. at 492.

13. *See* also, *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.N.C. 1993) (finding that answering interrogatories in excess of the numerical limit constituted a waiver of an argument based on the number of allowable interrogatories).

14. Plaintiff's medical, psychological and counseling records are both relevant and discoverable. A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records. *See*, e.g., *Coffin v. Bridges*, 1995 U.S. App. LEXIS 34729, 1995 WL 729489, *3 (4th Cir.)

15. *See* also, *E.E.O. C. v. Sheffield Financial LLC*, 2007 U.S. Dist. LEXIS 43070, 2007 WL 1726560, *4 (M.D.N.C.) ("When a plaintiff seeks damages for mental anguish, the medical and psychological information sought by interrogatories and requests for production are relevant.").

16. Rule 30.

Respectfully submitted,

*/s/Anthony D. Dwyer*  
Anthony D. Dwyer (415575)  
Eccleston & Wolf, P.C.  
Baltimore-Washington Law Center  
7240 Parkway Drive, 4th Floor  
Hanover, MD 21076-1378  
(410) 752-7474 (phone)  
(410) 752-0611 (fax)  
E-mail: dwyer@ewva.com  
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June 2025, copies of the foregoing **DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO** *pro-se* **PLAINTIFF LESTER LEE'S MOTION TO STRIKE ABUSIVE DISCOVERY RESPONSES AND INTERROGATORIES,** were served by first-class mail, postage prepaid and electronic mail to:

>Lester Lee
>535 Wilson Bridge Drive, B1
>Oxon Hill, MD  20745
>Llee.documents@gmail.com
>*Pro Se Plaintiff*

>/s/Anthony D. Dwyer
>Anthony D. Dwyer (415575)