## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**LESTER LEE,**

      PLAINTIFF

v.

**BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY AND LAMONT SAVOY**

      DEFENDANTS

**Case No. 8:24-cv-01205-TJS**

## DEFENDANT METROPOLIS (AKA MCM, INC.'s) FIRST SET OF INTERROGATORIES TO PLAINTIFF

      **TO:**      Lester Lee, Plaintiff

      **FROM:**      Metropolis (aka MCM, Inc.), Defendant

Defendant Metropolis (aka MCM, Inc.), (hereinafter "Metropolis") and Eccleston & Wolf, P.C. its attorneys, request Lester Lee, Plaintiff, to respond to the following Interrogatories pursuant to Federal Rule of Civil Procedure 33.

### INSTRUCTIONS AND DEFINITIONS

      (a)     These Interrogatories are propounded pursuant to the Federal Rules of Civil Procedure which require that they be signed and answered under oath.

      (b)     These Interrogatories are continuing in character so as to require you to file Supplementary Answers if you obtain further or different information prior to trial.



I       Where the name or identity of a person is requested, please state the full name, home address, present occupation and present employer's name and address.

(d)     Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

I       The term "Complaint" as used herein refers to the operative Complaint in this case.

(f)     Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorneys.

(g)     The pronoun "you" refers to the parties to whom these Interrogatories are addressed and the persons mentioned in clause (d).

(h)     If you object to any Interrogatory, state in detail the reason for your objection and provide your answer to the remainder of that Interrogatory.

(i)     Whenever appropriate in these interrogatories, the singular form of a word shall also be interpreted as its plural.

(j)     The words "and" as well as "or" shall be construed either distinctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be considered to be outside their scope.

(k)     "Identify" or "identity" when used in reference to a document, requires you to state the date, the author, the addressee, and the type of document. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition. In lieu of so identifying a document, at your option, you may attach a copy of it to your answers to these interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

(l)    "Document" includes a writing, drawing, graph, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

## INTERROGATORIES:

**INTERROGATORY NO. 1:**    State your full name (including any aliases), current address, date and place of birth, date(s) of marriage(s) and names of spouse(s), education level and current occupation.

**OBJECTION:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, invasive of privacy, and not reasonably calculated to lead to the discovery of admissible evidence. The request for personal identifying information unrelated to the claims or defenses in this disability and fair housing matter, such as dates and places of birth and marriage history, constitutes an attempt to harass and intimidate the Plaintiff. Further, this interrogatory appears designed to exhaust the Plaintiff and induce litigation fatigue through irrelevant and cumulative inquiry. Subject to and without waiving the above objection.

**RESPONSE:**  Lester Aubrey Lee, Jr.; 535 Wilson Bridge Dr., B1, Oxon Hill, MD 20745

**INTERROGATORY NO. 2:** State all facts that support your contention that Defendant Metropolis. has a pattern of discriminating against residents with disabilities. Including but not

limited to the date, time, manner, name of such representative, their address, and contact information, of the individual(s) that committed such pattern of discrimination.

**RESPONSE:**

Metropolis acted as property manager and agent for Brookside Park Condominium during multiple periods of discriminatory enforcement against me. Despite knowing that the Association had previously received service animal verification, Metropolis issued allowed an unlicensed renter to illegally lease a unit to me. These actions support my claim of discriminatory treatment and failure to accommodate.

**INTERROGATORY NO. 3:** If you contend that this Defendant or its agents, servants and/or employees made any admission or declaration against interest concerning the subject matter of this lawsuit, please state by whom it was made, when it was made, and the name and address of each person who heard any such statement. If any such statement was made in writing, state the date of each such writing, to whom the writing was addressed, by whom it was signed, and all persons having custody of each such writing.

**RESPONSE:**

Yes. Staff affiliated with Metropolis restated blanket pet policies such as 'we don't allow pit bulls,' without considering the service animal status that had already been acknowledged by the Association. This reveals a refusal to engage in individualized review and a willful disregard for fair housing obligations.

**INTERROGATORY NO. 4:** Identify each and every individual that has given you a statement of any kind, whether verbal, written, signed, unsigned, written, recorded or otherwise, concerning the facts and allegations contained in the Complaint, and for each, state the date thereof, by whom the statement was obtained, the subject matter thereof and, if recorded or memorialized, in whose possession, custody and/or control the statement is at this time.

**RESPONSE:**

Statements and verifications supporting my claims have been provided by:

- Officers from Prince George's County Animal Services

- Inspector McLaurin of DPIE

- Neighbors who observed discriminatory treatment and Board conduct

- Caseworkers assisting with my defense and relocation

- Current landlord who was contacted with false allegations

**INTERROGATORY NO. 5:** State whether you or any other person has entered into any release, settlement or other agreement, formal or informal, whether reduced to writing or not, pursuant to which your liability or the liability of any other person for damages arising out of the allegations in the Complaint has been limited, reduced, released or modified in any manner whatsoever, and, if so, state the person(s) with whom each such agreement was made, the date each such agreement was made, describe the terms of each such agreement, and identify any documents constituting, referring to or reflecting each such agreement.

**RESPONSE:**

I have not entered into any release, settlement, or agreement of any kind relating to the subject matter of this lawsuit.

**INTERROGATORY NO. 6:** Set forth whether, at any time during the fifteen-year period preceding the date of your Answers to these Interrogatories, you have been convicted of a crime other than a minor traffic offense. If so, for each conviction, set forth the court in which you were convicted, the case number, the amount of any fine, the date and length of any incarceration imposed and identify and attach all documents that relate to your Answer. For purposes of this Interrogatory, a conviction includes a plea of *nolo contendere* followed by a sentence, whether or not the sentence is suspended.

**OBJECTION:**

Plaintiff objects to this interrogatory on the grounds that it seeks information not relevant to the claims or defenses in this case and constitutes an undue invasion of privacy.

**INTERROGATORY NO. 7:** Set forth each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, state the subject matter of the information possessed by that person and the source of such information, and identify all documents that relate to your Answer.

**RESPONSE:**

Persons with discoverable information include:

- Officers from Prince George's County Animal Services

6

- Inspector McLaurin from DPIE

- Property managers and Metropolis staff

- Neighbors familiar with ongoing retaliation

- Plaintiff's current landlord

- Caseworkers and advocates

Further witnesses may be identified as discovery progresses.

**INTERROGATORY NO. 8:** Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**RESPONSE:**

Plaintiff has not yet retained any expert witnesses. Should any be retained, Plaintiff will supplement this response in accordance with Rule 26.

**INTERROGATORY NO. 9:** Give the name and address of every health care provider, including any mental health care providers, who treated and/or examined you, or who reviewed your records for the purposes of medical consultations for the past ten years, and the name and address of every hospital where you were admitted, and for each instance describe the nature and/or

purpose of the treatment, examination and/or consultation, the cause of receiving such treatment, examination and/or consultation, and the date(s), or approximate date(s), of such treatment, examination and/or consultation.

**OBJECTION:**

This interrogatory is overly broad, unduly burdensome, and seeks medical information that is not relevant or proportional to the needs of this case.

**INTERROGATORY NO. 10:** State all facts that support the assertion you make in ¶ 17 of your Complaint that Plaintiff provided Defendant with the reliable verification of his disabilities. Including but not limited to the date, time, and manner such verification was made and the name, employer, contact information, and address of the mental health professional and/or Doctor that wrote such verification letter and/or their mental health license board number or their medical board license number.

**OBJECTION:**

Plaintiff objects to this interrogatory as overbroad, harassing, invasive of privacy, and seeking information that is neither relevant nor proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The request improperly demands protected health information and personally identifiable information of third parties without any compelling justification. Furthermore, it mischaracterizes the legal standard governing reasonable accommodation requests under the Fair Housing Act (FHA) and Americans with Disabilities Act (ADA).

At the time of the request for reasonable accommodation, I was not legally required to provide the Defendant with my detailed medical history or personal medical provider data, including license numbers. The law requires that the housing provider receive reliable verification

8

that (1) the person meets the definition of disability, and (2) the animal provides disability-related assistance. This does not require disclosure of a diagnosis, treatment plan, or the identity or licensing data of medical professionals. See Joint Statement of the Department of Housing and Urban Development and the Department of Justice on Reasonable Accommodations under the Fair Housing Act.

To that end, I provided sufficient documentation verifying that the animal is a service animal and that it provides disability-related support. The issue at hand is not whether I have a disability or whether I am entitled to a service animal generally—it is whether the request for accommodation should have been denied solely on the basis that my service dog is a pit bull, a breed allegedly restricted by local ordinance. Breed restrictions, however, do not override federal protections afforded to persons with disabilities who require assistance animals.

This interrogatory is another example of the Defendant attempting to shift the focus from a valid and protected accommodation request to an improper inquiry into the Plaintiff's personal medical history and identity—suggesting a pattern of retaliatory and harassing discovery practices that are not designed to discover facts, but to dissuade and intimidate.

**INTERROGATORY NO. 11:** If you contend that an entity or a person not a party to this action acted in such a manner as to cause or contribute to any of your alleged injuries/damages, identify the name(s) of the individual(s), and state all facts that support your contention.

**RESPONSE:**

Plaintiff does not contend that any third-party entity or individual outside the named Defendants contributed to the injuries or damages in this case. Plaintiff reserves the right to supplement this response if additional relevant information emerges.

**INTERROGATORY NO. 12:** Provide the details of any and all communications between you and Defendant, or any agent, servant, and/or employee of Defendant Metropolis, concerning any of the facts and allegations in the Complaint, including the names of all persons present, the dates of all such communications, the method of communication, the nature and substance of the communications, and identify any documents which evidence those communications, including, but not limited to, the communications alleged in ¶¶ 15, 16, 17, and 26.

**RESPONSE:**

Plaintiff's communications with Metropolis were limited to notices posted, phone interactions, or emails from property staff. Plaintiff will produce documents in his possession reflecting these communications.

**INTERROGATORY NO. 13:** State all facts and identify all documents that support the assertion you make in ¶26 of your Complaint that you provided reliable verification of your handicap and disability-related need for an accommodation.

**RESPONSE:**

Plaintiff did not provide documentation directly to Metropolis. However, Metropolis was acting in a managerial capacity for a client already in receipt of such documentation. They had a duty to act on that knowledge and failed to do so.

10

**INTERROGATORY NO. 14:** State all facts and identify all documents that support the assertion you make in ¶28 of your Complaint that failure of Defendant Metropolis to modify its policies to accommodate your disabilities is discriminatory and unlawful.

**Response:**

The failure of Defendant Metropolis to modify its policies to accommodate my disability is evidenced not only by their prior refusals to grant a reasonable accommodation, but also by their continued and proactive efforts to discourage future accommodations. Specifically, the President of the Brookside Park Condominium Association sent a letter to my new landlord in which he stated—before I had even applied for a new accommodation at my current address—that the Association (through Metropolis as its agent) would not approve it. This preemptive denial clearly reflects that Metropolis has not changed its policies or practices. It also shows ongoing discriminatory intent and an unwillingness to engage in the interactive process in good faith as required by the Fair Housing Act and ADA.

This conduct demonstrates a systemic failure to implement policies that accommodate persons with disabilities. The mere change in address or landlord did not result in any new review or consideration of my rights—it simply extended the prior unlawful denials into my current tenancy. Their policies, as applied, categorically reject accommodations based on dog breed, despite federal protections for service animals. This is discriminatory and in direct violation of established law.

Documents supporting this response include the correspondence sent from the Association President to my current landlord warning against approving any reasonable accommodation

requests, as well as prior denial letters and email correspondence related to earlier accommodation requests.

**INTERROGATORY NO. 15:** State all facts and identify all documents that support the assertion you make in ¶30 of your Complaint that the conduct and acts of Defendant Metropolis, constituted as discrimination under 42 U.S.C. § 3604(f)(2), (f)(3)(b), FHA.

**RESPONSE:**

Metropolis failed to protect Plaintiff's rights as a disabled tenant. They enforced blanket policies, ignored legal obligations, and allowed harmful rumors to spread. DPIE confirmed no damage existed, and yet Metropolis took no steps to correct the defamatory allegations.

**INTERROGATORY NO. 16:** State all facts and identify all documents that support the assertion you make in ¶31 of your Complaint that Defendant Metropolis violated 42 U.S.C. § 3604(f), FHA and that such accommodations you sought are necessary to afford you an equal opportunity to use and enjoy the dwelling you are renting.

**RESPONSE:**

Metropolis violated 42 U.S.C. § 3604(f) by denying Plaintiff a reasonable accommodation, participating in retaliatory conduct, and ignoring their duty as agents of a federally regulated housing provider.

**INTERROGATORY NO. 17:** State all facts and identify all documents that support the assertion you make in ¶32 of your Complaint that if Defendant Metropolis was to provide an accommodation of their pet rule would not (1) result in substantial physical damage to the property of others, (2) pose an undue financial burden, or (3) fundamentally alter Defendant Brookside Park Condominium, Inc.'s operations.

12

**RESPONSE:**

There was no legitimate basis for denying accommodation. Inspector McLaurin found no property damage, and the claim by a resident two floors below that feces damaged her balcony is contradicted by the resident living directly below Plaintiff, who reported no such issues.

**INTERROGATORY NO. 18:** State whether you are currently breeding pit bulls in the apartment you rent and whether or not you are currently selling them for profit.

**OBJECTION**:

Plaintiff objects to this interrogatory as irrelevant, harassing, and retaliatory. It seeks information that is not related to any claim or defense in this litigation under Fed. R. Civ. P. 26(b)(1). Furthermore, the interrogatory improperly shifts the focus from the subject matter of this lawsuit—namely, the Defendant's discriminatory and unlawful refusal to provide a reasonable accommodation under the Fair Housing Act and ADA—to a baseless inquiry intended to malign my character and imply improper conduct.

It is especially troubling that this interrogatory—and others like it—clearly pertain to my current tenancy, which is not the subject of this lawsuit. Defendant's effort to use discovery and deposition testimony in this case to manufacture grounds to interfere with or terminate my current housing situation illustrates a pattern of ongoing retaliation. This is not legitimate discovery—it is a thinly veiled attempt to build a new basis for harassment and eviction.

**INTERROGATORY NO. 19:** State whether or not you were ever investigated by the Prince George's County Police, in connection to one of your dog's attacking and killing another dog owned by a condominium owner at Defendant Brookside Park Condominium, Inc.

**OBJECTION**:

This interrogatory assumes facts not in evidence and is intended to prejudice the Plaintiff.

**INTERROGATORY NO. 20:** State whether or not you have been attacked by either one of your pit bulls, in which such attack caused you to suffer lacerations to your face.

**OBJECTION:**

This interrogatory is irrelevant and intended to prejudice the Plaintiff.

**INTERROGATORY NO. 21:** Identify any statement or report prepared by you or provided to you by others, whether oral or in writing, of which you are aware that refers to, relates to, pertains to, or concerns the facts, matters, and allegations in your Complaint in *this lawsuit* including the author of the statement and the content of the statement.

**RESPONSE:**

Plaintiff refers to documents from Animal Services, DPIE inspection reports, written complaints, notices, police reports, and landlord communications that are relevant to his claims. All responsive documents will be produced.

**INTERROGATORY NO. 22:** If you have ever asserted any prior claims or lawsuits, including but not limited to workers compensation claims, please state:

a)     the date and place of the accident or occurrence;

b)     the nature of each accident or occurrence and the nature, extent, and duration of all injuries sustained;

c)     the names, addresses and phone numbers of all physicians, hospitals and/or health care facilities who treated you as a result of such accident, occurrence, illness or medical condition;

14

e)      whether you continue to suffer any ill effects or problems as a result of such accident, occurrence, illness or medical condition, and, if so, the nature of your continuing problem;

f)      whether a claim was made with any insurance company, the name of the insurance company, claim number, and if any settlement was made;

g)      whether a suit was filed, the court in which it was filed and the case law number, and the attorney who represented you

**OBJECTION:**

This interrogatory is overly broad, unduly burdensome, and seeks information not proportional to the needs of the case.

**INTERROGATORY NO. 23:** State whether or not you have ever taken anti-depressant and/or anti-anxiety medication, and, if so, state the date(s) on which you commenced taking these medications, whether you are currently taking these medications, the diagnosis or condition for which you are taking these medications, whether the medications were prescribed, and, if so, the name of the prescriber.

**OBJECTION:**

**Plaintiff objects to this interrogatory in the strongest possible terms.** This question is not only irrelevant and disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1), it is an improper, invasive, and retaliatory attempt to compel disclosure of sensitive medical and mental health        information        that        is        not        required        by        law.

The Fair Housing Act and Americans with Disabilities Act do not require disclosure of a diagnosis, prescription history, treatment plan, or the identity of any medical professional. The only relevant question is whether the Plaintiff has a qualifying disability and whether the requested accommodation is related to that disability. Plaintiff has already satisfied that burden.

This interrogatory constitutes an unlawful fishing expedition designed to embarrass, burden, and intimidate the Plaintiff, and is part of a broader pattern of retaliatory discovery. The request seeks to invade Plaintiff's medical privacy, stigmatize mental health treatment, and chill the exercise of protected            rights            under            federal            disability            law.

Plaintiff refuses to answer this interrogatory without a protective order, and reserves the right to seek sanctions and further relief from the Court for what amounts to discovery abuse, unethical conduct, and a direct violation of Plaintiff's federally protected rights.

**INTERROGATORY NO. 24:** State whether or not you received an honorable discharge from the United States Army or whether or not you received a dishonorable discharge from the U.S. Army, including but not limited to the date, time, and manner such discharge was provided to you and the reason for such discharge.

**OBJECTION:**

Plaintiff STRONGLY OBJECTS to this interrogatory as deeply offensive, irrelevant, and abusive. This question is a direct assault on the dignity and sacrifice of a proud American service member who served two combat tours and risked his life in defense of the United States. Plaintiff suffers ongoing emotional and psychological wounds—the very kinds of injuries Congress sought to

16

protect    when    enacting    the    Americans    with    Disabilities    Act    (ADA).

This interrogatory is a veiled attempt to shame and discredit the Plaintiff by probing into protected veteran status and military history that are not material to this case. Such information is irrelevant under Fed. R. Civ. P. 26(b)(1), and demanding it serves no purpose other than to embarrass and burden Plaintiff in violation of Fed. R. Civ. P. 26(c) and ABA Model Rule 4.4(a).

Moreover, the nature and reason for Plaintiff's discharge are protected under the Privacy Act of 1974, 5 U.S.C. § 552a, and Department of Defense regulations. Defendants have no legal authority to compel the disclosure of DD-214 records or similar documents without Plaintiff's express consent    or    a    court    order    showing    relevance    and    necessity.

Plaintiff will not answer this interrogatory. Plaintiff reserves all rights to seek sanctions and protective relief from the Court for what constitutes discovery abuse and retaliation.

**INTERROGATORY NO. 25:** Provide a full accounting of all your claimed damages you alleged you suffered in your Complaint.

**OBJECTION:**

Plaintiff objects to this interrogatory as overly broad and premature, as the damages are ongoing, cumulative, and continue to evolve due to Defendants' continued and escalating retaliation. Since the filing of the complaint, Plaintiff's suffering has intensified.

Subject to and without waiving these objections, Plaintiff identifies the following categories of damages:

1. Emotional Distress and Mental Anguish: Plaintiff has suffered significant psychological and emotional harm due to persistent discrimination, retaliation, and coordinated harassment. This includes insomnia, severe anxiety, social withdrawal, PTSD symptom escalation, and emotional trauma. These damages are continuing.

2. Wrongful Death of a Service Animal: Plaintiff's ADA-protected service dog died as a direct consequence of Defendants' misconduct, including failure to restore utilities, denial of repairs, and retaliatory actions that created inhumane living conditions. The death of a service animal is a recognized basis for liability under ADA case law and is a distinct, compensable injury under federal disability rights law.

3. Loss of Housing Stability and Retaliation: Plaintiff has been subjected to ongoing efforts to interfere with current housing, including communications with third parties intended to provoke eviction or denial of accommodation. These retaliatory acts continue to cause harm.

4. Out-of-Pocket Costs: Including document reproduction, transportation, mailing, dog food, temporary relocation measures, and litigation-related expenses.

5. Statutory and Punitive Damages: As authorized by the Fair Housing Act and Americans with Disabilities Act, due to the willful and repeated nature of Defendants' misconduct.

6. Attorney's Fees and Costs: Recoverable by statute.

Plaintiff reserves the right to supplement this response as additional evidence becomes available and damages continue to accrue. A full accounting of monetary value will be provided in pretrial disclosures, expert reports, or trial exhibits as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 26:** State all facts that support Count V of your Complaint for Respondent Superior against Metropolis.

**RESPONSE:**

Metropolis acted as a managing agent with authority to control property-level decisions. Its employees carried out or facilitated acts that violated Plaintiff's rights, making the company liable under respondeat superior.

**INTERROGATORY NO. 27:** State all facts that support Count VI. of your Complaint for Negligent Retention by Metropolis.

**RESPONSE:**

Metropolis (MCM, Inc.) engaged in negligent retention by knowingly continuing to employ or contract with individuals—including Rammy Azoulay and Juan Willis—despite being aware of prior complaints and a pattern of misconduct that created dangerous, unlawful, and discriminatory conditions for the Plaintiff. The following facts support this claim:

1. Metropolis retained Mr. Azoulay despite prior complaints and documentation of his refusal to comply with federal housing law regarding reasonable accommodations.

2. Mr. Azoulay was present during the installation of a Ring peephole camera facing directly at Plaintiff's front door. When Plaintiff brought this clear violation of privacy to Mr. Azoulay's attention, he stated that it was legal. The camera placement created constant psychological distress and documented Plaintiff's movements without consent.

3. Mr. Azoulay delegated active on-site enforcement duties to Mr. Juan Willis, while remaining in a position of off-site authority. directing Mr. Willis in matters of maintenance, surveillance, and enforcement.

4. Mr. Juan Willis supervised the installation of the Ring camera outside the residence of Ms. Hicks per instructions originating from Robert Haddad and funneled through Mr. Azoulay. He also worked directly with security and maintenance personnel to monitor Plaintiff's unit and deliberately ignored requests for repairs in retaliation for protected activity.

5. Mr. Willis was personally responsible for the installation of a double-sided keyed lock on the foyer door while Plaintiff was inside. This unlawful confinement violated local fire code, created a life-threatening hazard, and caused Plaintiff significant emotional trauma. When a responding police officer contacted Mr. Willis to inform him that the action was illegal, Mr. Willis stated that Plaintiff should be grateful they didn't remove the door entirely.

6. Mr. Willis was also present during Plaintiff's repeated attempts to report that there was no electricity reaching the HVAC unit. No action was taken. The failure to restore HVAC contributed directly to extreme heat in the unit and the subsequent death of Plaintiff's ADA-protected service dog.

7. Despite knowledge of these actions and ongoing complaints, Metropolis failed to investigate or discipline Mr. Azoulay or Mr. Willis. Their continued empowerment of these individuals demonstrates a deliberate indifference and satisfies the legal standard for negligent retention.

Plaintiff reserves the right to supplement this response as discovery and additional witness testimony become available.

**INTERROGATORY NO. 28:** State all facts and identify all documents that support the assertion you make in ¶ 8 of your Complaint that Defendant Metropolis personally implemented and enforced discriminatory denial of an accommodation to you with actual knowledge or reckless disregard of the illegality of such act.

**RESPONSE:**

Rammy Azoulay, acting as an agent of Defendant Metropolis, was in possession of Plaintiff's service dog registration issued by Prince George's County Animal Management Division and a formal letter designating the dog as a service animal. Despite this, Mr. Azoulay failed to take any corrective action to ensure that Plaintiff's accommodation was respected. He was present when a Ring peephole camera was installed in the hallway directly facing Plaintiff's front door. When Plaintiff raised objections due to privacy and safety concerns, Mr. Azoulay responded that it was legal, thereby condoning a hostile surveillance environment and further contributing to the discriminatory                        treatment                        of                        Plaintiff.


Juan Willis, also acting on behalf of Metropolis, personally enforced and participated in acts of discrimination and retaliation following Plaintiff's request for a reasonable accommodation. Mr. Willis authorized or installed a double-sided keyed lock on the shared foyer door while Plaintiff was inside the unit, rendering Plaintiff unable to exit and creating a serious fire hazard. When a police officer responded and informed Mr. Willis that such action was illegal, he stated that Plaintiff "should be happy [they] didn't take the door off the hinges." Mr. Willis also refused to address Plaintiff's repeated reports that no power was reaching the HVAC unit during dangerously

high temperatures. This inaction directly contributed to the death of Plaintiff's service dog,

Cashmere, who succumbed to heat-related complications—a result of Mr. Willis's deliberate

indifference                      and                      retaliatory                      neglect.


Both Azoulay and Willis acted with actual knowledge of Plaintiff's need for accommodation and

either intentionally disregarded or recklessly ignored their obligations under federal law, including

the Fair Housing Act and Americans with Disabilities Act.


Respectfully submitted,

/s/Anthony D. Dwyer
Anthony D. Dwyer (415575)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dwyer@ewva.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2024, copies of the foregoing

**DEFENDANTS     METROPOLIS     (aka     MCM,     INC'S.)     FIRST     SET     OF**

**INTERROGATORIES TO PLAINTIFF** were served by first-class mail, postage prepaid to:

Richard Bruce Rosenthal, Esq.
545 E. Jericho Turnpike
Huntington Station, NY 11746
631.629.8111 (Phone
richard@thedoglawyer.com
*Pro Hac Vice*


/s/*Anthony D. Dwyer*
Anthony D. Dwyer (415575)

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

**LESTER LEE,**

      PLAINTIFF

v.

**BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY AND LAMONT SAVOY**

      DEFENDANTS

**Case No. 8:24-cv-01205-TJS**

### DEFENDANT RAMMY AZOULAY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

      **TO:**        Lester Lee, Plaintiff

      **FROM:**    Rammy Azoulay, Defendant

Defendant Rammy Azoulay (hereinafter "Mr. Azoulay"), and Eccleston & Wolf, P.C. its attorneys, request Lester Lee, Plaintiff, to respond to the following Interrogatories pursuant to Federal Rule of Civil Procedure 33.

### INSTRUCTIONS AND DEFINITIONS

      (a)    These Interrogatories are propounded pursuant to the Federal Rules of Civil Procedure which require that they be signed and answered under oath.

      (b)    These Interrogatories are continuing in character so as to require you to file Supplementary Answers if you obtain further or different information prior to trial.

      (c)    Where the name or identity of a person is requested, please state the full name, home address, present occupation and present employer's name and address.

(d)    Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

(e)    The term "Complaint" as used herein refers to the operative Complaint in this case.

(f)    Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorneys.

(g)    The pronoun "you" refers to the parties to whom these Interrogatories are addressed and the persons mentioned in clause (d).

(h)    If you object to any Interrogatory, state in detail the reason for your objection and provide your answer to the remainder of that Interrogatory.

(i)    Whenever appropriate in these interrogatories, the singular form of a word shall also be interpreted as its plural.

(j)    The words "and" as well as "or" shall be construed either distinctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be considered to be outside their scope.

(k)    "Identify" or "identity" when used in reference to a document, requires you to state the date, the author, the addressee, and the type of document. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition. In lieu of so identifying a document, at your option, you may attach a copy of it to your answers to these interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

(l)    "Document" includes a writing, drawing, graph, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

2

**INTERROGATORIES:**

**INTERROGATORY NO. 1:**     State your full name (including any aliases), current address, date and place of birth, date(s) of marriage(s) and names of spouse(s), education level and current occupation.

**OBJECTION:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, invasive of privacy, and not reasonably calculated to lead to the discovery of admissible evidence. The request for personal identifying information unrelated to the claims or defenses in this disability and fair housing matter, such as dates and places of birth and marriage history, constitutes an attempt to harass and intimidate the Plaintiff. Further, this interrogatory appears designed to exhaust the Plaintiff and induce litigation fatigue through irrelevant and cumulative inquiry. Subject to and without waiving the above objection.

**RESPONSE:** Lester Aubrey Lee, Jr.; 535 Wilson Bridge Dr., B1, Oxon Hill, MD 20745

**INTERROGATORY NO. 2:** State all facts that support your contention that Mr. Azoulay has a pattern of discriminating against residents with disabilities. Including but not limited to the date, time, manner, name of such representative, their address, and contact information, of the individual(s) that committed such pattern of discrimination.

**OBJECTION:**

3

Plaintiff objects on the grounds that this interrogatory seeks information that is overly broad, unduly burdensome, and premature at this stage of discovery. It attempts to impose an evidentiary burden that exceeds the requirements of notice pleading. The phrasing—'all facts'— improperly demands exhaustive and detailed evidence before full discovery has occurred. The interrogatory is also duplicative of multiple interrogatories from other co-defendants, reflecting a coordinated, retaliatory discovery strategy intended to burden and intimidate the Plaintiff in violation of Federal Rule 26(b)(1). Subject to and without waiving the above objection, Plaintiff will supplement this response after discovery and expert review.

## RESPONSE:

Subject to and without waiving the above objection, Plaintiff will supplement as discovery continues.

**INTERROGATORY NO. 3:** If you contend that this Defendant or its agents, servants and/or employees made any admission or declaration against interest concerning the subject matter of this lawsuit, please state by whom it was made, when it was made, and the name and address of each person who heard any such statement. If any such statement was made in writing, state the date of each such writing, to whom the writing was addressed, by whom it was signed, and all persons having custody of each such writing.

## OBJECTION:

Plaintiff objects to this interrogatory as vague, ambiguous, and overly broad. It presumes the existence of specific admissions and places an unreasonable burden on the Plaintiff to recall every statement made over a multiyear period without providing context or dates. Additionally, it is duplicative of interrogatories issued by other Defendants and serves no purpose other than to overwhelm the Plaintiff through repetitive questioning. Subject to and without waiving the objection, Plaintiff is not presently aware of any such statements beyond what is alleged in the pleadings but reserves the right to supplement.

**RESPONSE:**

Subject to and without waiving the above objection, Plaintiff will supplement as discovery continues.

**INTERROGATORY NO. 4:** Identify each and every individual that has given you a statement of any kind, whether verbal, written, signed, unsigned, written, recorded or otherwise, concerning the facts and allegations contained in the Complaint, and for each, state the date thereof, by whom the statement was obtained, the subject matter thereof and, if recorded or memorialized, in whose possession, custody and/or control the statement is at this time.

**OBJECTION:**

Plaintiff objects to this interrogatory as vague, overly broad, and unduly burdensome. The request seeks information that is not proportional to the needs of the case and is duplicative of

other interrogatories posed by other defendants. Moreover, requiring detailed identification of all statements or recollections, whether verbal or written, imposes an unreasonable obligation at this stage of litigation. Subject to and without waiving these objections, Plaintiff states that any relevant statements will be disclosed through proper disclosures and supplementation as required by the Federal Rules.

**RESPONSE:**

Subject to and without waiving the above objection, Plaintiff will supplement as discovery continues.

**INTERROGATORY NO. 5:** State whether you or any other person has entered into any release, settlement or other agreement, formal or informal, whether reduced to writing or not, pursuant to which your liability or the liability of any other person for damages arising out of the allegations in the Complaint has been limited, reduced, released or modified in any manner whatsoever, and, if so, state the person(s) with whom each such agreement was made, the date each such agreement was made, describe the terms of each such agreement, and identify any documents constituting, referring to or reflecting each such agreement.

**OBJECTION:**

Plaintiff objects to this interrogatory as not relevant to any party's claims or defenses in this case. The request for release or settlement information lacks any connection to the facts alleged against Mr. Azoulay and appears intended to harass or create prejudice. Further, to the extent the request seeks privileged or confidential settlement communications, it is objectionable. Subject to and without waiving the objection, Plaintiff states that no such agreements exist that are applicable to this matter.

6

**RESPONSE:**

Subject to and without waiving the above objection, Plaintiff will supplement as discovery continues.

**INTERROGATORY NO. 6:** Set forth whether, at any time during the fifteen-year period preceding the date of your Answers to these Interrogatories, you have been convicted of a crime other than a minor traffic offense. If so, for each conviction, set forth the court in which you were convicted, the case number, the amount of any fine, the date and length of any incarceration imposed and identify and attach all documents that relate to your Answer. For purposes of this Interrogatory, a conviction includes a plea of *nolo contendere* followed by a sentence, whether or not the sentence is suspended.

**OBJECTION:**

Plaintiff objects to this interrogatory as overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. The request is intended to impugn character rather than gather relevant facts and constitutes an abuse of discovery under Rule 26. See Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the objection, Plaintiff states that he has no felony convictions responsive to this request.

**RESPONSE**:

Subject to and without waiving the above objection, Plaintiff will supplement as discovery continues.

**INTERROGATORY NO. 7:** Set forth each person, <u>other</u> <u>than</u> a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, state the subject matter of the information possessed by that person and the source of such information, and identify all documents that relate to your Answer.

 **RESPONSE:**

Persons with discoverable information include:

- Officers from Prince George's County Animal Services, who documented and verified Plaintiff's service animals

- Property managers at Brookside Park Condominium, who received and acknowledged accommodation requests

- Neighbors familiar with the history of harassment

- Plaintiff's current landlord, who was contacted by members of the HOA

Additional witnesses will be identified as discovery progresses.

 **INTERROGATORY NO. 8:** Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**RESPONSE:**

Plaintiff has not yet retained any expert witnesses. Should any be retained, Plaintiff will

supplement this response with the required disclosures under Rule 26.

**INTERROGATORY NO. 9:** Give the name and address of every health care provider,

including any mental health care providers, who treated and/or examined you, or who reviewed

your records for the purposes of medical consultations for the past ten years, and the name and

address of every hospital where you were admitted, and for each instance describe the nature and/or

purpose of the treatment, examination and/or consultation, the cause of receiving such treatment,

examination and/or consultation, and the date(s), or approximate date(s), of such treatment,

examination and/or consultation.

**OBJECTION:**

This interrogatory is overly broad, unduly burdensome, and seeks medical information that

is not relevant or proportional to the needs of this case.

**INTERROGATORY NO. 10:** State all facts that support the assertion you make in ¶ 17

of your Complaint that Plaintiff provided Mr. Azoulay with the reliable verification of his

disabilities. Including but not limited to the date, time, and manner such verification was made and

the name, employer, contact information, and address of the mental health professional and/or

Doctor that wrote such verification letter and/or their mental health license board number or their

medical board license number.

**RESPONSE**:

Plaintiff submitted all required documentation to Prince George's County Animal Services

Division, the legally authorized licensing authority in the jurisdiction. The County reviewed and

approved this documentation, duly registered the animals as service animals, and issued official

service animal ID tags. This documentation included medical verification establishing Plaintiff's

disability and the necessity of the animals. These records were submitted beginning in 2018 and

repeatedly provided to Mr. Azoulay.

**INTERROGATORY NO. 11:** If you contend that an entity or a person not a party to this

action acted in such a manner as to cause or contribute to any of your alleged injuries/damages,

identify the name(s) of the individual(s), and state all facts that support your contention.

**RESPONSE:**

At this time, Plaintiff does not contend that any third-party entity or individual outside of the

named Defendants contributed to the injuries or damages asserted in this action. If additional

information arises during discovery, Plaintiff will supplement this response.

**INTERROGATORY NO. 12:** Provide the details of any and all communications between

you and Defendant, or any agent, servant, and/or employee of Defendant, concerning any of the

facts and allegations in the Complaint, including the names of all persons present, the dates of all

such communications, the method of communication, the nature and substance of the

10

communications, and identify any documents which evidence those communications, including, but not limited to, the communications alleged in ¶¶ 15, 16, 17, and 26.

**RESPONSE:**

Plaintiff communicated with Mr. Azoulay directly and through board meetings, emails, and notices issued through property management concerning Plaintiff's accommodation request for his service animals. Despite repeated presentation of verified documentation—including official service animal ID tags issued by Prince George's County Animal Services—Mr. Azoulay continued to challenge Plaintiff's right to reside with the animals.

**INTERROGATORY NO. 13:** State all facts and identify all documents that support the assertion you make in ¶26 of your Complaint that you provided reliable verification of your handicap and disability-related need for an accommodation.

**RESPONSE:**

Plaintiff submitted all required documentation to Prince George's County Animal Services Division, including written verification from licensed providers. The County approved the service animals and issued official ID tags. These documents were presented to Mr. Azoulay and management on multiple occasions.

**INTERROGATORY NO. 14:** State all facts and identify all documents that support the assertion you make in ¶28 of your Complaint that failure of Mr. Azoulay to modify its policies to accommodate your disabilities is discriminatory and unlawful.

**RESPONSE:**

Despite receiving medical documentation and official registration from the governing licensing authority, Mr. Azoulay and the Board refused to grant a reasonable accommodation. Rather than engage in a good faith interactive process, Mr. Azoulay maintained enforcement of a blanket pet restriction policy that directly conflicted with federal fair housing law.

**INTERROGATORY NO. 15:** State all facts and identify all documents that support the assertion you make in ¶30 of your Complaint that the conduct and acts of Mr. Azoulay, constituted as discrimination under 42 U.S.C. § 3604(f)(2), (f)(3)(b), FHA.

**RESPONSE:**

Mr. Azoulay's actions in ignoring valid, medically supported accommodation requests, enforcing a no-pit-bull policy without exception, and participating in ongoing retaliatory efforts—despite service animal verification—violated 42 U.S.C. § 3604(f)(2) and (f)(3)(B).

**INTERROGATORY NO. 16:** State all facts and identify all documents that support the assertion you make in ¶31 of your Complaint that Mr. Azoulay, violated 42 U.S.C. § 3604(f), FHA

12

and that such accommodations you sought are necessary to afford you an equal opportunity to use and enjoy the dwelling you are renting.

**RESPONSE:**

Plaintiff's request for accommodation was supported by medical documentation and verified by Prince George's County Animal Services Division. Mr. Azoulay ignored this documentation and relied on false narratives, including alleged property damage. However, an official investigation by DPIE Inspector McLaurin found no damage attributable to Plaintiff's animals. These fabricated claims were communicated to Plaintiff's new landlord and used as a retaliatory mechanism, ultimately contributing to housing instability and emotional distress.

**INTERROGATORY NO. 17:** State all facts and identify all documents that support the assertion you make in ¶32 of your Complaint that if Mr. Azoulay was to provide an accommodation of their pet rule would not (1) result in substantial physical damage to the property of others, (2) pose an undue financial burden, or (3) fundamentally alter Defendant Brookside Park Condominium, Inc.'s operations.

**RESPONSE:**

Prince George's County Animal Services Division approved the service animals after review of all required documentation, including behavioral and health assessments. "Pursuant to the Americans with Disabilities Act (ADA), service animals are not classified as pets under federal law. They are defined as individually trained working animals that perform specific tasks directly related to a person's disability. Accordingly, any policies or actions treating a service animal as a mere pet are inconsistent with 28 C.F.R. § 35.136 and § 36.302(c). "Service animals are not

13

pets. They are necessary medical equipment, protected by law." There is no record or allegation of the animals causing property damage, financial burden, or disruption.

**INTERROGATORY NO. 18:** State whether you are currently breeding pit bulls in the apartment you rent and whether or not you are currently selling them for profit.

**OBJECTION**:

This interrogatory is irrelevant, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 19:** State whether or not you were ever investigated by the Prince George's County Police, in connection to one of your dog's attacking and killing another dog owned by a condominium owner at Defendant Brookside Park Condominium, Inc.

**OBJECTION**:

This interrogatory assumes facts not in evidence and is intended to prejudice the Plaintiff.

**INTERROGATORY NO. 20:** State whether or not you have been attacked by either one of your pit bulls, in which such attack caused you to suffer lacerations to your face.

**Objection:**.

This interrogatory is irrelevant and intended to prejudice the Plaintiff.

**INTERROGATORY NO. 21:** Identify any statement or report prepared by you or provided to you by others, whether oral or in writing, of which you are aware that refers to, relates

to, pertains to, or concerns the facts, matters, and allegations in your Complaint in *this lawsuit* including the author of the statement and the content of the statement.

**RESPONSE:**

Plaintiff refers to verification letters from healthcare professionals, official documentation from Prince George's County Animal Services Division, and written communications between Plaintiff, property management, and the Board. Plaintiff also possesses notices and correspondence issued by Mr. Azoulay or under his direction.

**INTERROGATORY NO. 22:** If you have ever asserted any prior claims or lawsuits, including but not limited to workers compensation claims, please state:

a)      the date and place of the accident or occurrence;

b)      the nature of each accident or occurrence and the nature, extent, and duration of all injuries sustained;

c)      the names, addresses and phone numbers of all physicians, hospitals and/or health care facilities who treated you as a result of such accident, occurrence, illness or medical condition;

e)      whether you continue to suffer any ill effects or problems as a result of such accident, occurrence, illness or medical condition, and, if so, the nature of your continuing problem;

f)      whether a claim was made with any insurance company, the name of the insurance company, claim number, and if any settlement was made;

g)      whether a suit was filed, the court in which it was filed and the case law number, and the attorney who represented you.

**Objection.**

15

This interrogatory is overly broad, unduly burdensome, and seeks information not proportional to the needs of the case.


**INTERROGATORY NO. 23:** State whether or not you have ever taken anti-depressant and/or anti-anxiety medication, and, if so, state the date(s) on which you commenced taking these medications, whether you are currently taking these medications, the diagnosis or condition for which you are taking these medications, whether the medications were prescribed, and, if so, the name of the prescriber.

**Objection**.

This interrogatory seeks private medical and mental health information not relevant to the claims or defenses in this case.

**INTERROGATORY NO. 24:** State whether or not you received an honorable discharge from the United States Army or whether or not you received a dishonorable discharge from the U.S. Army, including but not limited to the date, time, and manner such discharge was provided to you and the reason for such discharge.

**Objection:**

Plaintiff objects to this interrogatory on the grounds that it seeks information protected from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a, and applicable Department of Defense and Department of Veterans Affairs regulations. Military personnel records and service-related documents are considered confidential and are not subject to discovery absent written consent or a court order demonstrating a compelling need. Furthermore, Plaintiff objects on the grounds that the interrogatory is overly broad, not proportional to the needs of the case, and

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Rule 26 of the Federal Rules of Civil Procedure. To the extent this interrogatory seeks disclosure without satisfying the legal threshold for protected records, no response will be provided.

**INTERROGATORY NO. 25:** State whether or not there are any pending lawsuits that have been filed against you, including but not limited to any actions filed in any U.S. District Court, State Circuit Court, State District Court, and or any Landlord/Tenant Court, and the date any such actions were filed, whether or not the cases are still pending, and the causes of actions that either were or are currently pending against you.

**RESPONSE:**

Plaintiff seeks damages for emotional distress, humiliation, and harm to reputation. Defendant disseminated false claims that Plaintiff's animals caused property damage—claims that were later disproven by a DPIE inspection. These misrepresentations were relayed to Plaintiff's current landlord and contributed to housing instability, reputational harm, and emotional duress. Plaintiff was forced to defend himself against baseless narratives that his animals were 'unkempt' or destructive, despite years of compliance and verification.

**INTERROGATORY NO. 26:** Provide a full accounting of all your claimed damages you alleged you suffered in your Complaint.

**RESPONSE:**

Mr. Azoulay acted within the scope of his authority as a board member of Brookside Park
Condominium, Inc., when he denied Plaintiff's accommodation request and participated in
retaliatory conduct. His actions are attributable to the Association under the doctrine of
respondeat superior.


**INTERROGATORY NO. 27:** State all facts and identify all documents that support the
assertion you make in ¶ 8 of your Complaint that Defendant Metropolis personally implemented
and enforced discriminatory denial of an accommodation to you with actual knowledge or reckless
disregard of the illegality of such act.

**RESPONSE:**

Plaintiff contends that Brookside Park Condominium, Inc. continued to empower Mr. Azoulay
despite knowledge of his discriminatory practices and refusal to comply with accommodation
requirements under the FHA.

6

Respectfully submitted,


/s/Anthony D. Dwyer

Anthony D. Dwyer (415575)

ECCLESTON & WOLF, P.C.

Baltimore-Washington Law Center

7240 Parkway Drive, 4th Floor

Hanover, MD 21076-1378

(410) 752-7474 (phone)

(410) 752-0611 (fax)

E-mail: dwyer@ewva.com

Attorney for Defendants


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2024, copies of the foregoing **DEFENDANT RAMMY AZOULAY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** were served by first-class mail, postage prepaid to:


Richard Bruce Rosenthal, Esq.

545 E. Jericho Turnpike

Huntington Station, NY 11746

631.629.8111 (Phone

richard@thedoglawyer.com

*Pro Hac Vice*

_/s/Anthony D. Dwyer_____

Anthony D. Dwyer (415575)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**LESTER LEE,**

      PLAINTIFF

v.

**BROOKSIDE PARK CONDOMINIUM,
INC., METROPOLIS (aka MCM, INC.),
RAMMY AZOULAY AND LAMONT
SAVOY**

      DEFENDANTS

**Case No. 8:24-cv-01205-TJS**

## DEFENDANT BROOKSIDE PARK CONDOMINIUM, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

      **TO:**      Lester Lee, Plaintiff

      **FROM:**      Brookside Park Condominium, Inc., Defendant

      Defendant Brookside Park Condominium, Inc., and Eccleston & Wolf, P.C. its attorneys, request Lester Lee, Plaintiff, to respond to the following Interrogatories pursuant to Federal Rule of Civil Procedure 33.

### INSTRUCTIONS AND DEFINITIONS

      (a)      These Interrogatories are propounded pursuant to the Federal Rules of Civil Procedure which require that they be signed and answered under oath.

      (b)      These Interrogatories are continuing in character so as to require you to file Supplementary Answers if you obtain further or different information prior to trial.

I  Where the name or identity of a person is requested, please state the full name, home address, present occupation and present employer's name and address.

(d)  Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

I  The term "Complaint" as used herein refers to the operative Complaint in this case.

(f)  Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorneys.

(g)  The pronoun "you" refers to the parties to whom these Interrogatories are addressed and the persons mentioned in clause (d).

(h)  If you object to any Interrogatory, state in detail the reason for your objection and provide your answer to the remainder of that Interrogatory.

(i)  Whenever appropriate in these interrogatories, the singular form of a word shall also be interpreted as its plural.

(j)  The words "and" as well as "or" shall be construed either distinctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be considered to be outside their scope.

(k)  "Identify" or "identity" when used in reference to a document, requires you to state the date, the author, the addressee, and the type of document. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition. In lieu of so identifying a document, at your option, you may attach a copy of it to your answers to these interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

(l)    "Document" includes a writing, drawing, graph, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

## INTERROGATORIES:

**INTERROGATORY NO. 1:**    State your full name (including any aliases), current address, date and place of birth, date(s) of marriage(s) and names of spouse(s), education level and current occupation.

**RESPONSE:**

My full legal name is Lester Aubrey Lee, Jr. I currently reside at 535 Wilson Bridge Drive, Unit B1, Oxon Hill, Maryland 20745. No aliases used. This information has already been provided in initial disclosures and is not in dispute. All defendants have asked this same question, indicating a coordinated and unnecessary duplication. The repeated demand for undisputed identification details is burdensome and meant to wear down the Plaintiff through redundancy.

**Objection:**

Plaintiff objects to the remainder of this interrogatory on the grounds that it is overly broad, intrusive, irrelevant, and not proportional to the needs of this case, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. Specifically, the requests for Plaintiff's date and place of birth, marital status, spouse's identity, and detailed education history have no bearing on the claims or defenses in this matter and constitute an unwarranted invasion of privacy. Furthermore, these inquiries appear to form part of a retaliatory and harassing discovery strategy aimed at intimidating the Plaintiff, who is a disabled veteran asserting rights under the Americans with Disabilities Act and Fair Housing Act. The information sought is not calculated to lead to the discovery of admissible evidence and is designed instead to burden and

3

emotionally exhaust the Plaintiff.

Plaintiff reserves the right to move for a protective order and/or sanctions under Rule 26(c) and Rule 37 due to the cumulative and abusive nature of this request.

**INTERROGATORY NO. 2:** State all facts that support your contention that Defendant Brookside Park Condominium, Inc. has a pattern of discriminating against residents with disabilities. Including but not limited to the date, time, manner, name of such representative, their address, and contact information, of the individual(s) that committed such pattern of discrimination.

**RESPONSE:**

Defendant Brookside Park Condominium, Inc. has been aware of my disability and my need for a service animal since 2018 when I first moved into the community. Despite that knowledge, I was repeatedly harassed and targeted for enforcement actions based on the presence of my service animal. I was summoned to association board meetings for alleged disciplinary violations due to a community rule prohibiting pit bulls, even after providing proof of the animal's legal service status each time. This conduct continued through multiple units (584 and 564 Wilson Bridge Drive) and across several different property managers. The same individuals in the community continuously filed complaints, restarting the process with each new manager as if no resolution had previously been reached. Prince George's County Animal Control verified multiple times that my pit bulls were legally documented service animals, yet the harassment persisted. Furthermore, once I signed a lease at a new residence, members of the board interfered by contacting and threatening my new landlord. I was also subjected to multiple unlawful eviction proceedings.

4

**INTERROGATORY NO. 3:**  If you contend that this Defendant or its agents, servants and/or employees made any admission or declaration against interest concerning the subject matter of this lawsuit, please state by whom it was made, when it was made, and the name and address of each person who heard any such statement.  If any such statement was made in writing, state the date of each such writing, to whom the writing was addressed, by whom it was signed, and all persons having custody of each such writing.

**RESPONSE:**

Yes. On multiple occasions, board members, including Rammy Azoulay and President Robert Haddad, stated or implied that pit bulls would not be allowed on the property, regardless of their service animal status. They consistently refused to acknowledge verification from animal control and VA healthcare providers. In one instance, Mr. Haddad made statements suggesting my documentation was not credible and threatened to notify my current landlord about my disability accommodation history. These statements were witnessed by property managers and residents during board interactions and are supported by correspondence and emails.

**INTERROGATORY NO. 4:** Identify each and every individual that has given you a statement of any kind, whether verbal, written, signed, unsigned, written, recorded or otherwise, concerning the facts and allegations contained in the Complaint, and for each, state the date thereof, by whom the statement was obtained, the subject matter thereof and, if recorded or memorialized, in whose possession, custody and/or control the statement is at this time.

**RESPONSE:**

5

Statements and verifications supporting my claims have been provided by:

- Officers and staff from Prince George's County Animal Control

- Former and current property managers of Brookside Park

- Neighboring residents who observed the repeated harassment and targeting by the HOA

- Caseworkers and advocates assisting me during and after the illegal eviction proceedings


**INTERROGATORY NO. 5:** State whether you or any other person has entered into any release, settlement or other agreement, formal or informal, whether reduced to writing or not, pursuant to which your liability or the liability of any other person for damages arising out of the allegations in the Complaint has been limited, reduced, released or modified in any manner whatsoever, and, if so, state the person(s) with whom each such agreement was made, the date each such agreement was made, describe the terms of each such agreement, and identify any documents constituting, referring to or reflecting each such agreement.

**RESPONSE:**

I have not entered into any release, settlement, or agreement of any kind relating to the subject matter of this lawsuit.


**INTERROGATORY NO. 6:** Set forth whether, at any time during the fifteen-year period preceding the date of your Answers to these Interrogatories, you have been convicted of a crime other than a minor traffic offense. If so, for each conviction, set forth the court in which you were convicted, the case number, the amount of any fine, the date and length of any incarceration imposed and identify and attach all documents that relate to your Answer. For purposes of this

Interrogatory, a conviction includes a plea of *nolo contendere* foll in owed by a sentence, whether or not the sentence is suspended.

**RESPONSE:**

**Objection:**

Plaintiff objects to this interrogatory as abusive, retaliatory, and harassing in violation of Rule 26(b)(1) and (c) of the Federal Rules of Civil Procedure. The interrogatory seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Further, this discovery is intended to embarrass, oppress, and create undue burden in violation of the protections afforded by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.. the Fair Housing Act (FHA), 42 U.S.C. § 3604(f), and federal case law prohibiting retaliatory discovery tactics. See, e.g., *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1389 (11th Cir. 1981), and *Doe v. District of Columbia*, 231 F. Supp. 2d 23, 27 (D.D.C. 2002). This interrogatory appears designed to retaliate against Plaintiff for asserting federally protected rights and to deter him through litigation fatigue and intimidation. Plaintiff reserves the right to seek a protective order under Rule 26(c) and appropriate sanctions under Rule 37.

**INTERROGATORY NO. 7:** Set forth each person, <u>other than</u> a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, state the subject matter of the information possessed by that person and the source of such information, and identify all documents that relate to your Answer.

**RESPONSE:**

7

Persons with discoverable information include:

- Officers from Prince George's County Animal Services, who documented and verified Plaintiff's service animals

- Property managers at Brookside Park Condominium, who received and acknowledged accommodation requests

- Neighbors familiar with the history of harassment

- Plaintiff's current landlord, who was threatened by members of the HOA

Additional witnesses will be identified as discovery progresses.


**INTERROGATORY NO. 8:** Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**RESPONSE:**

Plaintiff has not yet retained any expert witnesses. Should any be retained, Plaintiff will supplement this response with the required disclosures under Rule 26.


**INTERROGATORY NO. 9:** Give the name and address of every health care provider, including any mental health care providers, who treated and/or examined you, or who reviewed

8

your records for the purposes of medical consultations for the past ten years, and the name and address of every hospital where you were admitted, and for each instance describe the nature and/or purpose of the treatment, examination and/or consultation. the cause of receiving such treatment, examination and/or consultation, and the date(s), or approximate date(s), of such treatment, examination and/or consultation.

**RESPONSE:**

Objection. This interrogatory is overly broad, unduly burdensome, and seeks medical information that is not relevant or proportional to the needs of this case.

**INTERROGATORY NO. 10:** State all facts that support the assertion you make in ¶ 17 of your Complaint that Plaintiff provided Defendant with the reliable verification of his disabilities. Including but not limited to the date. time. and manner such verification was made and the name, employer, contact information, and address of the mental health professional and/or Doctor that wrote such verification letter and/or their mental health license board number or their medical board license number.

**RESPONSE:**

Plaintiff submitted all required documentation to Prince George's County Animal Services Division, the legally authorized licensing authority in the jurisdiction. The County reviewed and approved this documentation, duly registered the animals as service animals, and issued official service animal ID tags. This documentation included medical verification establishing Plaintiff's disability and the necessity of the animals. These records were submitted beginning in 2018 and repeatedly resubmitted in response to ongoing demands by the Defendant. Any further requests for medical records or service animal documentation from a private entity like the Defendant condominium board are unwarranted and harassing under the Fair Housing Act and ADA.

**INTERROGATORY NO. 11:** If you contend that an entity or a person not a party to this action acted in such a manner as to cause or contribute to any of your alleged injuries/damages, identify the name(s) of the individual(s), and state all facts that support your contention.

**RESPONSE:**

At this time, Plaintiff does not contend that any third-party entity or person outside the named Defendants contributed to the injuries or damages asserted in this action. If additional information becomes available through discovery, this response will be supplemented.

**INTERROGATORY NO. 12:** Provide the details of any and all communications between you and Defendant, or any agent, servant, and/or employee of Defendant, concerning any of the facts and allegations in the Complaint, including the names of all persons present, the dates of all such communications, the method of communication, the nature and substance of the communications, and identify any documents which evidence those communications, including, but not limited to, the communications alleged in ¶¶ 15, 16, 17, and 26.

**RESPONSE:**

Plaintiff communicated with property managers and board members of Brookside Park Condominium, including Rammy Azoulay and Robert Haddad, regarding accommodation for his service animals. Plaintiff submitted to them the official documentation issued by Prince George's County Animal Services Division, which included verified service animal registration and ID

10

tags. Despite receiving this verification, the Defendant continued to demand additional documentation and refused accommodation. These repeated demands, despite government-issued verification, were harassing and contrary to applicable disability law.

**INTERROGATORY NO. 13:** State all facts and identify all documents that support the assertion you make in ¶26 of your Complaint that you provided reliable verification of your handicap and disability-related need for an accommodation.

**RESPONSE:**

Plaintiff's disability and the necessity of his service animals were verified by licensed healthcare providers and submitted to Prince George's County Animal Services Division. Based on this, the County registered Plaintiff's dogs as service animals and issued official ID tags. This registration process included review of medical necessity. All required documentation was submitted to the governing authority and then presented to the Defendant. Repeated demands from the Defendant to re-submit the same or additional medical information exceeded what is permitted under the Fair Housing Act.

**INTERROGATORY NO. 14:** State all facts and identify all documents that support the assertion you make in ¶28 of your Complaint that failure of Defendant Brookside Park Condominium, Inc., to modify its policies to accommodate your disabilities is discriminatory and unlawful.

11

**RESPONSE:**

Defendant failed to engage in an interactive process and instead imposed repeated and duplicative demands for documentation already reviewed and accepted by the Prince George's County Animal Services Division. Plaintiff provided official government-issued verification that his service animals were properly registered. Defendant's continued refusal to acknowledge this verification, and its unwillingness to accommodate Plaintiff despite the lawfully granted status, constitutes a discriminatory failure to accommodate under the FHA.

**INTERROGATORY NO. 15:** State all facts and identify all documents that support the assertion you make in ¶30 of your Complaint that the conduct and acts of Defendant Brookside Park Condominium, Inc., constituted as discrimination under 42 U.S.C. § 3604(f)(2), (f)(3)(b), FHA.

**RESPONSE:**

The Defendant's conduct in disregarding the medical verification and service animal registration issued by Prince George's County Animal Services Division, and its repeated, escalating demands for additional records and appearances, denied Plaintiff equal use and enjoyment of his dwelling. These actions constitute unlawful discrimination under 42 U.S.C. § 3604(f)(2), (f)(3)(B). Plaintiff's documented verification submitted to the County and produced to Defendant forms the basis of his claims.

**INTERROGATORY NO. 16:** State all facts and identify all documents that support the assertion you make in ¶31 of your Complaint that Defendant Brookside Park Condominium, Inc.,

12

violated 42 U.S.C. § 3604(f), FHA and that such accommodations you sought are necessary to afford you an equal opportunity to use and enjoy the dwelling you are renting.

**RESPONSE:**

Plaintiff's request for reasonable accommodation was medically verified, and supported by documentation submitted to Prince George's County Animal Services Division, which issued official service animal ID tags. The accommodation—allowing Plaintiff to live with his registered service animals—was necessary to manage physical and psychiatric conditions. Denial of this accommodation, despite repeated verification, directly interfered with Plaintiff's ability to live peacefully and safely in his home. These events demonstrate a violation of 42 U.S.C. § 3604(f) by denying an equal opportunity to use and enjoy housing.

**INTERROGATORY NO. 17:** State all facts and identify all documents that support the assertion you make in ¶32 of your Complaint that if Defendant Brookside Park Condominium, Inc., was to provide an accommodation of their pet rule would not (1) result in substantial physical damage to the property of others, (2) pose an undue financial burden, or (3) fundamentally alter Defendant Brookside Park Condominium, Inc.'s operations.

**RESPONSE:**

Prince George's County Animal Services Division licensed and documented Plaintiff's service animals after full compliance with health, safety, and behavioral requirements. There is no evidence or record that Plaintiff's animals caused physical damage, financial burden, or disruption to the Condominium's operations. The requested accommodation was reasonable and would not have fundamentally altered the nature or function of the property.

13

**INTERROGATORY NO. 18:** State whether you are currently breeding pit bulls in the apartment you rent and whether or not you are currently selling them for profit.

**RESPONSE:**

**Objection**: Plaintiff objects to this interrogatory as abusive, retaliatory, and harassing in violation of Rule 26(b)(1) and (c) of the Federal Rules of Civil Procedure. The interrogatory seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Further, this discovery is intended to embarrass, oppress, and create undue burden in violation of the protections afforded by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Fair Housing Act (FHA), 42 U.S.C. § 3604(f), and federal case law prohibiting retaliatory discovery tactics. See, e.g., *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1389 (11th Cir. 1981), and *Doe v. District of Columbia*, 231 F. Supp. 2d 23, 27 (D.D.C. 2002). This interrogatory appears designed to retaliate against Plaintiff for asserting federally protected rights and to deter him through litigation fatigue and intimidation. Plaintiff reserves the right to seek a protective order under Rule 26(c) and appropriate sanctions under Rule 37.

**INTERROGATORY NO. 19:** State whether or not you were ever investigated by the Prince George's County Police, in connection to one of your dog's attacking and killing another dog owned by a condominium owner at Defendant Brookside Park Condominium, Inc.

**RESPONSE:**

Plaintiff was not investigated by the Prince George's County Police in connection to a dog attacking or killing another dog. Plaintiff cooperated with authorities during a dog-

sitting incident that was handled responsibly and lawfully, with compensation paid and no charges filed. this incident did not involve his service dogs.

**INTERROGATORY NO. 20:** State whether or not you have been attacked by either one of your pit bulls, in which such attack caused you to suffer lacerations to your face.

**RESPONSE:**

**Objection.** This interrogatory is irrelevant to the claims or defenses in this case and seeks to portray the Plaintiff in a prejudicial light without foundation.

**INTERROGATORY NO. 21:** Identify any statement or report prepared by you or provided to you by others, whether oral or in writing, of which you are aware that refers to, relates to, pertains to, or concerns the facts, matters, and allegations in your Complaint in *this lawsuit* including the author of the statement and the content of the statement.

**RESPONSE:**

Plaintiff references letters from healthcare professionals, documentation submitted to Prince George's County Animal Services, and various communications with property managers and the Board. Plaintiff also possesses emails, notices, and statements from property management and legal representatives of Brookside regarding his tenancy and accommodation request. These materials will be produced in response to Defendants' Request for Production or as required under Rule 26 disclosures.

15

**INTERROGATORY NO. 22:** If you have ever asserted any prior claims or lawsuits, including but not limited to workers compensation claims, please state:

a)       the date and place of the accident or occurrence;

b)       the nature of each accident or occurrence and the nature, extent, and duration of all injuries sustained;

c)       the names, addresses and phone numbers of all physicians, hospitals and/or health care facilities who treated you as a result of such accident, occurrence, illness or medical condition;

e)       whether you continue to suffer any ill effects or problems as a result of such accident, occurrence, illness or medical condition, and, if so, the nature of your continuing problem;

f)       whether a claim was made with any insurance company, the name of the insurance company, claim number, and if any settlement was made;

g)       whether a suit was filed, the court in which it was filed and the case law number, and the attorney who represented you.

**RESPONSE:**

**Objection.** This interrogatory is overly broad, unduly burdensome, and seeks information not proportional to the needs of the case. This interrogatory seeks information that is not relevant to the claims or defenses and is not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. It is also harassing and retaliatory in nature in violation of the Fair Housing Act (42 U.S.C. § 3604(f)), the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and recognized standards governing discovery conduct. Courts have consistently ruled that discovery must not be used as a tool of intimidation or to impose undue burden on vulnerable litigants. See *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1389 (11th Cir.

16

1981) (discovery abuse warrants sanctions); *Doe v. District of Columbia*, 231 F. Supp. 2d 23, 27 (D.D.C. 2002) (rejecting discovery that chills enforcement of civil rights claims); *Garcia v. City of Gilroy*, 2019 WL 3766113, at *3 (N.D. Cal. Aug. 9, 2019) (limiting discovery designed to intimidate ADA plaintiff).

**INTERROGATORY NO. 23:** State whether or not you have ever taken anti-depressant and/or anti-anxiety medication, and, if so, state the date(s) on which you commenced taking these medications, whether you are currently taking these medications, the diagnosis or condition for which you are taking these medications, whether the medications were prescribed, and, if so, the name of the prescriber.

**RESPONSE:**

**INTERROGATORY NO. 24:** State whether or not you received an honorable discharge from the United States Army or whether or not you received a dishonorable discharge from the U.S. Army, including but not limited to the date, time, and manner such discharge was provided to you and the reason for such discharge.

**RESPONSE:**

**Objection**. To the extent this interrogatory seeks private military discharge records beyond what is relevant to the claims in this case, it is overbroad.

**INTERROGATORY NO. 25:** State whether or not there are any pending lawsuits that have been filed against you, including but not limited to any actions filed in any U.S. District

Court, State Circuit Court, State District Court, and or any Landlord/Tenant Court, and the date any such actions were filed, whether or not the cases are still pending, and the causes of actions that either were or are currently pending against you.

**RESPONSE:**

**Objection.** This interrogatory is overly broad, unduly burdensome, and seeks information not proportional to the claims or defenses in this action.

Respectfully submitted,

/s/Anthony D. Dwyer
Anthony D. Dwyer (415575)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dwyer@ewva.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of August, 2024, copies of the foregoing **DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., FIRST SET OF INTERROGATORIES TO PLAINTIFF** were served by first-class mail, postage prepaid to:

Richard Bruce Rosenthal, Esq.
545 E. Jericho Turnpike
Huntington Station, NY 11746
631.629.8111 (Phone
richard@thedoglawyer.com
*Pro Hac Vice*

/s/*Anthony D. Dwyer*
Anthony D. Dwyer (415575)