UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LESTER LEE,

    PLAINTIFF

v.

BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY AND LAMONT SAVOY

    DEFENDANTS

Case No. 8:24-cv-01205-ABA

**DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO *pro-se* PLAINTIFF LESTER LEE'S MOTION TO DISQUALIFY COUNSEL**

    COMES NOW, Defendants Brookside Park Condominium, Inc., Metropolis (aka MCM, Inc.), and Rammy Azoulay (Collectively "Brookside"), through their attorneys Anthony D. Dwyer and Eccleston and Wolf, P.C., hereby respectfully asks the Court to deny Plaintiff's Motion to Disqualify Defense Counsel and for grounds therefore state as follows:

    1.    Plaintiff's Motion to disqualify defense counsel is not only meritless but it is very hard to follow the argument.  Motion (ECF 58-1).

    2.    As a threshold matter, plaintiff has failed to comply with court orders and his several motions are trying to divert the court's attention from that fact.  See Order of 4/11/25 compelling discovery and the Order extending time to respond to summary judgment. Further, this Court granted Plaintiff additional time to respond to such discovery and motion for summary

judgment by June 18, 2025. Plaintiff failed to do so. Instead, plaintiff filed a motion to disqualify well into the case after discovery has closed.

3. Plaintiff's primary argument is that counsel for Brookside was previously averse to Brookside in a previous lawsuit and thus has a conflict. Motion ¶¶4-5. However, Plaintiff's argument fails. The prior adverse representation had concluded well before this case started. It involved a dispute between the prior management company and Brookside and had absolutely nothing to do with the present case. There are no overlapping facts. Additionally, Brookside was made aware of the prior adverse representation and waived potential conflict.

4. Plaintiff's next argument for disqualification centers on alleged misuse of Plaintiff's Interrogatories in Brookside's Motion to Dismiss. Motion ¶5. Plaintiff's argument lacks any basis. The Interrogatories were attached as an exhibit to show Plaintiff's responses were deficient and to support dismissal of Plaintiff's Complaint. Further, Fed. R. Civ. P. 26(g)(1) does not govern discovery responses, it governs discovery requests. As such, Plaintiff's misinterpretation of the rule is fatal to his motion. Ironically, plaintiff has disavowed his prior counsel's attempt to answer discovery unexecuted.

5. Plaintiff's third argument centers around discovery requests propounded by Brookside. Motion ¶5. Plaintiff's argument fails because his former counsel waived any objections when he provided answers to defense counsel. Even a cursory review of the written discovery sent to plaintiff reveals that it is standard discovery in a housing discrimination claim of this type seeking basis information about the claim.

6. Plaintiff's fourth argument for disqualification is that they intend to call counsel for Brookside as a witness at trial. Motion ¶5. Plaintiff claims without any support that counsel for Brookside and a non-third-party witness conspired to spy on the Plaintiff. *Id*. That assertion is

untrue. Counsel for defendant did meet with plaintiff's neighbor Ms. Hicks to gather information about the problems that she experienced with plaintiff's dogs and to obtain witnesses. That activity is totally appropriate to defend this case. Counsel had nothing to do with any purported electronic surveillance of plaintiff, which is also not alleged in the complaint. If there was a basis to disqualify defense counsel, plaintiff' prior counsel would have raised it during the approximately one year that he had the case. There is no good faith basis to call defense counsel as a witness. All the undersigned did was defend the case and had no involvement in the underlying activities in this lawsuit.

7. Plaintiff's fifth argument for disqualification is based on an alleged misrepresentation of a case relied on in its Motion for Summary Judgment. Motion ¶6. Plaintiff argument fails because it is not improper to cite case law in a supporting dispositive motion.

8. Plaintiff's sixth argument is centered around an affidavit signed by Brookside. Motion ¶¶7-8. Plaintiff claims without justification or additional evidence that the affidavit is defective and false. *Id*. In any event, even if the affidavit could be challenged, which it cannot, that would still not be a basis to disqualify defense counsel. Accordingly, Plaintiff's motion should be denied.

9. Plaintiff's argument that counsel for Brookside should either be referred to the Maryland Attorney Grievance Commission and or subject to judicial review by this Court is also without merit. Motion ¶¶5 and 7. None of the allegations raised in Plaintiff's motion are true and lack any evidentiary support.

10. Plaintiff has never sought leave to amend his complaint, yet he raises many issues of wiretapping and subsequent dog bites that have nothing to do with his original claims. These extrinsic items should not be considered.

11. Finally, Plaintiff filed a supplement to his Motion to Strike defense counsel. Supplemental Motion (ECF 63). Plaintiff realleges the arguments he made in his original motion. (ECF 58-1).

## POINTS AND AUTHORITIES:

12. Attorneys, and pro se litigants where appropriate, are still held to a basic standard of accountability for the contents of their court papers. *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 388 (D. Md. 2014).

13. MARPC 1.7(b) : (b) Notwithstanding the existence of a conflict of interest under section (a) of this Rule, an attorney may represent a client if: (1) the attorney reasonably believes that the attorney will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the attorney in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing.

14. Rule 26(g).

15. Discovery motions such as motions to compel, motions to quash, or motions for protective orders seeking to limit the scope of discovery must be filed prior to the close of discovery. *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases).

16. When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 493 n.4

(W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[1]); *Paananen v. Cellco P'ship*, No. CO8-1042, 2009 U.S. Dist. LEXIS 98997, 2009 WL 3327227, 5 (W.D. Wash. 2009) ("the best rule, and the one this Court applies here, is that a responding party must answer the first 25 interrogatories").

17.     If a party, instead, decides to answer some or all of the allegedly excessive interrogatories, it waives its objection that the requesting party has violated Rule 33's limit on the number of interrogatories a party may serve. *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. LEXIS 147695, 2010 WL 11474937, at *1 n.2 (E.D. Pa. Jan. 22, 2010) ("Notwithstanding [d]efendant's non-waiver statement, it remains established that if a party selectively answers interrogatories, it has waived its objections [under Rule 33(a)] as to the remaining interrogatories."); *Capacchione*, 182 F.R.D. at 492.

18.     See also, *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.N.C. 1993) (finding that answering interrogatories in excess of the numerical limit constituted a waiver of an argument based on the number of allowable interrogatories).

19.     MARPC 3.7 (a)(3). An attorney shall not act as advocate at a trial in which the attorney is likely to be a necessary witness unless: disqualification of the attorney would work substantial hardship on the client.

20.     The court has previously instructed that "[t]he proper way for a party to register its objection to an opposing party's motions, memoranda, or affidavits is through the briefs or memoranda the party submits to the court." *King v. N.C. Dep't of Pub. Safety, Div. of Adult. Corr.*, No. 5:12-CV-152- F, 2014 U.S. Dist. LEXIS 2005, 2014 WL 69601, at *2 (E.D.N.C. Jan. 8, 2014) (quoting *Muir v. Applied Integrated Techs., Inc.*, Civil Action No. DKC 13-0808, 2013 U.S. Dist. LEXIS 167680, 2013 WL 6200178, at *4 (D. Md. Nov. 26, 2013)). "In other words, in a response

or a reply brief, a party may argue that certain affidavits or other evidence should not be considered by the court." *Id*.

Respectfully submitted,

*/s/Anthony D. Dwyer*
Anthony D. Dwyer (415575)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dwyer@ewva.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June 2025, copies of the foregoing **DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO** *pro-se* **PLAINTIFF LESTER LEE'S MOTION TO DISQUALIFY COUNSEL ,** were served by first-class mail, postage prepaid and electronic mail to:

> Lester Lee
> 535 Wilson Bridge Drive, B1
> Oxon Hill, MD  20745
> Llee.documents@gmail.com
> *Pro Se Plaintiff*

> /s/Anthony D. Dwyer
> Anthony D. Dwyer (415575)