UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LESTER LEE,<br><br>    PLAINTIFF<br><br>v.<br><br>BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY AND LAMONT SAVOY<br><br>    DEFENDANTS | Case No. 8:24-cv-01205-ABA |

**DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO *pro-se* PLAINTIFF LESTER LEE'S MOTION FOR A PROTECTIVE ORDER**

**COMES NOW**, Defendants Brookside Park Condominium, Inc., Metropolis (aka MCM, Inc.), and Rammy Azoulay (Collectively "Brookside"), through their attorneys Anthony D. Dwyer and Eccleston and Wolf, P.C., hereby respectfully asks the Court to deny Plaintiff's Motion for a Protective Order. In support Brookside states as follows:

1. Plaintiff's motion seeking a protective order is untimely. Per the Court's scheduling order discovery closed on February 18, 2025.

2. Finally, as explained in Brookside's opposition to Plaintiff's Motion to Strike Discovery Responses and Interrogatories – Plaintiff waived his right under Rule 33(a) to challenge the discovery. The waiver occurred when counsel for Plaintiff provided answer's to Brookside's Interrogatories, but failed to raise any objections.

3. Even more pertinent, plaintiff is seeking a protective order regarding discovery that this court has already entered an order compelling him to answer. The written discovery at issue

appropriately seeks basic facts that plaintiff intends to rely on in this housing discrimination claim. It is appropriate. See document requests attached as exhibit 1. Accordingly, the motion should be denied.

## **POINTS AND AUTHORITIES:**

4. Discovery motions such as motions to compel, motions to quash, or motions for protective orders seeking to limit the scope of discovery must be filed prior to the close of discovery. *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases).

5. When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[1]); *Paananen v. Cellco P'ship,* No. CO8-1042, 2009 U.S. Dist. LEXIS 98997, 2009 WL 3327227, 5 (W.D. Wash. 2009) ("the best rule, and the one this Court applies here, is that a responding party must answer the first 25 interrogatories").

6. If a party, instead, decides to answer some or all of the allegedly excessive interrogatories, it waives its objection that the requesting party has violated Rule 33's limit on the number of interrogatories a party may serve. *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. LEXIS 147695, 2010 WL 11474937, at *1 n.2 (E.D. Pa. Jan. 22, 2010) ("Notwithstanding [d]efendant's non-waiver statement, it remains established that if a party selectively answers interrogatories, it has waived its objections [under Rule 33(a)] as to the remaining interrogatories."); *Capacchione*, 182 F.R.D. at 492.

7. *See also, Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.N.C. 1993) (finding that answering interrogatories in excess of the numerical limit constituted a waiver of an argument based on the number of allowable interrogatories).

Respectfully submitted,


*/s/Anthony D. Dwyer*
Anthony D. Dwyer (415575)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dwyer@ewva.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June 2025, copies of the foregoing **DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO** *pro-se* **PLAINTIFF LESTER LEE'S MOTION FOR A PROTECTIVE ORDER,** were served by first-class mail, postage prepaid and electronic mail to:

>Lester Lee
>535 Wilson Bridge Drive, B1
>Oxon Hill, MD  20745
>Llee.documents@gmail.com
>*Pro Se Plaintiff*

                                        */s/Anthony D. Dwyer*
                                        Anthony D. Dwyer (415575)