**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **LESTER LEE,**<br><br>　　　**PLAINTIFF**<br><br>v.<br><br>**BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY AND LAMONT SAVOY**<br><br>　　　**DEFENDANTS** | **Case No. 8:24-cv-01205-ABA** |

**DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO *pro-se* PLAINTIFF LESTER LEE'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

**COMES NOW**, Defendants Brookside Park Condominium, Inc., Metropolis (aka MCM, Inc.), and Rammy Azoulay (Collectively "Brookside"), through their attorneys Anthony D. Dwyer and Eccleston and Wolf, P.C., hereby respectfully asks the Court to deny Plaintiff's Motion for a Temporary Restraining Order. There is no imminent harm, the case has been pending for about one year and plaintiff still lives at Brookside and still has his dogs. A request for restraining order if warranted would have been made by plaintiff's prior counsel about a year ago at the start of this lawsuit. These claims are appropriate at the onset of a lawsuit where something quick is going to happen that must be prevented. That is not the situation here. In further support of its opposition, Brookside states as follows:

1

1.      Plaintiff's Complaint alleges that Brookside improperly denied his request for an accommodation to house multiple Pitbull's as service animals. Complaint (ECF-1). Plaintiff asserted a claim for violation of the Fair Housing Amendment Act. *Id*.

2.      On April 11, 2025, the Court entered an Order compelling Plaintiff to answer Brookside's discovery responses.  Plaintiff had until May 11, 2025, to provide full discovery responses. *Id*. It was extended to June 18.   Plaintiff through his former counsel provided woefully deficient unexecuted discovery answers on May 14, 2025 and never produced a single document in support of the claimed need for an accommodation. Plaintiff is his *pro se* pleadings has disavowed the unexecuted interrogatories filed by his counsel.  Brookside filed a Motion to Dismiss for failure to follow this Court's April 11, 2025 order, which is pending.

3.      On June, 12, 2025, *pro se* Plaintiff filed an untimely Motion for a Temporary Restraining Order (TRO). (ECF 56).

4.      A temporary restraining order or a preliminary injunction should issue only when the plaintiff can "[1] establish that [it is] likely to succeed on the merits, [2] that [it is] likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that [injunctive relief] is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  None of these elements are satisfied here.

5.      Plaintiff has failed to establish he is likely to succeed on the merits. Plaintiff avers Brookside's only argument remaining is to demonstrate his service dogs caused injury to the premises. Motion p. 5. However, Plaintiff misstates Brookside's defense in its denial of his request for accommodation. Rather, Brookside contends Plaintiff's request for an accommodation was denied due to health and safety concerns of the Brookside community as a whole. Motion for

Summary Judgment. As such, Plaintiff's argument that his Pitbull's did not cause damage to his unit is immaterial. *Id.* Plaintiff is not likely to succeed on the merits.

6.       Further, it is clear from Brookside's motion for summary judgment that Plaintiff's dogs have been a terror. First, one of Plaintiff's dogs killed another dog, while it was out for a walk.  Second, Plaintiff himself was already attacked by one of his dogs and required stitches. *Id.* Third, Plaintiff's dogs have continued to urinate and defecate in the apartment he was living at. *Id.*

7.       Finally, by Plaintiff's own sworn affidavit in his recent pleadings, he concedes that his dogs are a threat to Brookside. **Exhibit 9.2** to Motion for TRO. Plaintiff recites  that there was another subsequent incident between one of his dogs and another resident of Brookside's dog. Id. Plaintiff says he paid the vet bill.  Such admission clearly shows the dogs Plaintiff is keeping are a clear, ongoing threat to the Brookside community.   Brookside should prevail on its pending motion for summary judgment.

8.       Plaintiff further refers the Court to Exhibit 8 of his motion seeking a protective order in arguing Brookside lack a viable defense. *Id.* Exhibit 8 refers to the alleged misconduct of Brookside's Counsel during Plaintiff's deposition. Exhibit 8 is not relevant to the issue of entitlement to a TRO.

9.       The second element Plaintiff must prove is he faces irreparable harm. Plaintiff contends that he will lose his housing if he does not get rid of his dogs. Motion p. 10. Such claim is not supported by the facts.  Plaintiff has not been evicted and he has resided at Brookside during the approximately one-year pendency of this lawsuit.  Brookside has stated that it cannot accommodate the pit bulls.

10.      Further, Plaintiff's contentions that his dogs are registered with the Prince George's County is without merit. Motion p. 10. Plaintiff offers no evidentiary support to this contention

3

(and not a single document has been produced in support of all claims), which is hard to believe since Prince George's County has an ordinance prohibiting pit bulls.  In any event, this assertion does not lend support to plaintiff's contention  that he will suffer irreparable harm without a TRO.

11.    Third, Plaintiff must show the balance of equities weigh in his favor. Plaintiff once again has failed to prove this element. Plaintiff makes the fictitious argument that  he is being spied on. Motion p. 10-11. None of this is alleged in the complaint.  Plaintiff fails to establish how the balance of equities weighs in his favor. Again, this case is solely about whether or not Brookside acted properly in denying Plaintiff's request for accommodation.

12.    Finally, Plaintiff must prove the public interest supports his request for a TRO. Plaintiff has failed to meet this requirement. There is ample evidence that his dogs pose a safety risk to the community.  No documents have been produced showing he needs an accommodation or that another breed of dog would not suffice.  Accordingly,  the Court should deny his request for a Temporary Restraining Order.

13.    Plaintiff adds another argument that is not related to this motion. He claims Brookside and counsel are trying to obstruct justice. Plaintiff's arguments are incoherent and untrue.  The court gave plaintiff instructions on what was needed, but plaintiff has filed several frivolous motions which this Court should sanction him for.

## POINTS AND AUTHORITIES:

14.    A party seeking injunctive relief must satisfy all four of the requirements. *See Real Truth About Obama, Inc.*, 575 F.3d at 346 ("[A]ll four requirements must be satisfied."). It then logically follows that, if the plaintiff cannot meet the first requirement one must satisfy to obtain injunctive relief, there is no need for the Court to consider the remaining three. Accordingly, this court should decline to address the remaining arguments for or against the Court's granting of

injunctive relief here. *See Schilling v. Schwitzer-Cummins Co.*, 142 F.2d 82, 84, 79 U.S. App. D.C. 20, 1944 Dec. Comm'r Pat. 14 (D.C. Cir. 1944) (The Court is "not require[d] or encourage[d]. . . to assert the negative of each rejected contention as well as the affirmative of those which [it] find[s] to be correct.").

15.     A party seeking a TRO must demonstrate irreparable harm that "cannot be fully rectified by the final judgment after trial." *Mt. Valley Pipeline, LLC v. 6.56 Acres*, 915 F.3d 197, 216 (4th Cir. 2019) (internal quotation marks omitted).

16.     The harm to be suffered must not be remote or speculative, but actual and imminent. *Mountain Valley Pipeline*, 915 F.3d at 216.

17.     In enacting the FHAA, Congress made clear that the health and safety of other persons are relevant factors in determining whether a person or entity violated the FHAA. See 42 U.S.C. § 3604(f)(9) ("Nothing in this subsection requires that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals.") (emphasis added). We join other courts that have recognized this principle, and hold that the potential for personal injury is a relevant consideration in examining whether a modification or accommodation request was reasonable. *See Dadian v. Village of Wilmette*, 269 F.3d 831, 840–41 (7th Cir.2001) (analyzing 42 U.S.C. § 3604(f)(9) and observing that a defendant may, in certain circumstances, deny a plaintiff's accommodation request if that request poses a direct threat to safety of others) ; *Howard v. City of Beavercreek*, 108 F.Supp.2d 866, 875 (S.D.Ohio 2000) (holding that defendant was not required by the FHAA to grant plaintiff permission to construct a six foot fence to alleviate the effects of post-traumatic stress disorder, because the fence posed a threat to pedestrian and vehicular traffic), aff'd on other grounds, 276 F.3d 802 (6th Cir.2002); *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1503–04 (10th Cir.1995)

(observing that the FHAA permits "reasonable restrictions on the terms or conditions of housing [to disabled individuals] when justified by public safety concerns," so long as those concerns are not based on "blanket stereotypes" about persons with disabilities).

Respectfully submitted,

*/s/Anthony D. Dwyer*
Anthony D. Dwyer (415575)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dwyer@ewva.com
*Attorney for Defendants*

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of June 2025, copies of the foregoing **DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S OPPOSITION TO** *pro-se* **PLAINTIFF LESTER LEE'S MOTION FOR A TEMPORARY RESTRAINING ORDER,** were served by first-class mail, postage prepaid and electronic mail to:

> Lester Lee
> 535 Wilson Bridge Drive, B1
> Oxon Hill, MD  20745
> Llee.documents@gmail.com
> *Pro Se Plaintiff*

> */s/Anthony D. Dwyer*
> Anthony D. Dwyer (415575)