## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**LESTER LEE,**

      **PLAINTIFF**

v.

**BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), RAMMY AZOULAY AND LAMONT SAVOY**

      **DEFENDANTS**

**Case No. 8:24-cv-01205-ABA**

### DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S REPLY TO *pro-se* PLAINTIFF LESTER LEE'S OPPOSITION TO MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Defendants Brookside Park Condominium, Inc., Metropolis (aka MCM, Inc.), and Rammy Azoulay (Collectively "Brookside"), through their attorneys Anthony D. Dwyer and Eccleston and Wolf, P.C., hereby submits its Reply to pro-se Plaintiff Lester Lee's Opposition to Motion to Dismiss and Motion for Summary Judgment. Plaintiff's pleading is confusing because it purports to respond to two different pleadings - defendant's long pending motion for summary judgment and defendant's motion to dismiss for failure to comply with the court's order compelling discovery. Plaintiff's opposition does not refute the assertions in either pleading and both should be granted. In further support of this reply, Brookside state as follows:

1.      Plaintiff misstates the legal basis underlying Brookside's Motion to Dismiss. Motion (ECF No. 62-1). Plaintiff cites to Fed. R. Civ. Pro. 12(b)(6) which is the rule for dismissing a complaint for failure to state a claim upon which relief may be granted. *Id.* at p. 2. Brookside's

Motion to Dismiss is instead based on Plaintiff's failure to comply with this Court's order compelling him to answer Brookside's discovery requests. Not a single document has ever been produced in support of plaintiff's claim, nor have interrogatories been answered despite an order from this court and several extensions. Dismissal is warranted.

2.    On April 11, 2025, the Court ordered Plaintiff to respond to Brooksides discovery requests. Under the order Plaintiff had until May 11, 2025, to respond. Then plaintiff's prior counsel for the Plaintiff provided unexecuted answers to interrogatories (but no documents) on May 14, 2025. **Exhibit 1**. However, these responses were woefully deficient. In recent pleadings, plaintiff has disavowed these answers. Brookside filed a Motion to Dismiss for failing to abide by the Court's April 11, 2025 order. Although the Court granted Plaintiff an extension until June 18, 2025; to provide adequate answers, Plaintiff has still failed to answer discovery. (ECF No. 55). Rather than comply with this court's order, plaintiff filed five frivolous pleadings requiring significant legal time for defendant to have to respond.

3.    Plaintiff has violated an Order from this Court. Plaintiff's complaint should be dismissed with prejudice.

4.    In respect to Plaintiff's opposition to Brookside's motion for summary judgment, Plaintiff's opposition fails to address the points raised in the motion. Plaintiff has failed to establish there is a genuine dispute of material fact. Opposition 3-4.

5.    First and foremost, Plaintiff failed to provide either a sworn affidavit and/or a declaration that establishes that a genuine dispute of material fact exists. Plaintiff simply baldly and without any factual support asserts that there are facts in dispute. That is not a proper argument. Thus, Brookside is entitled to summary judgment on Plaintiff's Complaint.

6.    Finally, this court placed Plaintiff on notice as to how to properly oppose a motion for summary judgment. (ECF No. 54). The notice clearly states "In responding to a motion for summary judgment, your response should include affidavits (statements made under oath); declarations (statements made subject to the penalty of perjury under 28 U.S.C. § 1746); or other materials that contest the affidavits, declarations, or records filed by the plaintiff(s), which are needed to show the Court that a genuine issue of material fact remains to be determined and the case should proceed to trial or evidentiary hearing." Id.

7.    The notice also made Plaintiff aware that if he failed to comply with the rules regarding filing oppositions then his case might be dismissed. *Id*. Specifically the notice stated "If you do not file a timely written response, or if your response is inadequate, the Court may dismiss the case or enter judgment against you without further opportunity to present written argument." *Id*.

8.    Accordingly, Brookside's Motion to Dismiss and Motion for Summary Judgment should be granted.

## POINTS AND AUTHORITIES:

9.    The District Court has wide discretion under Rule 37(b)(2) and 37(d) to impose sanctions for failure to comply with discovery orders. *Mutual Fed. Sav. and Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989).  Determining whether to dismiss an action for a discovery sanction requires weighing four considerations: (1) whether the noncomplying party has acted in bad faith; (2) the amount of prejudice the other party has suffered due to the noncompliance, including the materiality of the evidence not produced; (3) the need to deter future incidents of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id*.

10.    Bad faith can be established by "noncompliance [or] haphazard compliance . . . [with] discovery orders." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989). Additionally, a party's failure to provide a "satisfactory reason why its discovery responses were not timely" is further evidence of bad faith. *Aerodyne Sys. Eng'g., Ltd. v. Heritage Int'l. Bank*, 115 F.R.D. 281, 290 (D. Md. 1987). It is not sufficient for a party to assert that it was "busy tending to other matters." *Id*. Repeated failure to comply with discovery  [*196]  orders is sufficient to establish bad faith because repeated noncompliance "demonstrates a pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93.

11.    Additionally, a party may be prejudiced by "both the unwarranted expenditure of time and money and the inability to effectively prosecute their case." *Manheim Remarketing, Inc. v. Wallace* (*In re Wallace*), 2013 Bankr. LEXIS 4511, 2013 WL 5806228, at *5 (Bankr. D. Md., Oct. 28, 2013).

12.    Sanctions serve the purpose of not only preventing prejudice to the opposing party, but also deterring others. *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 504 (4th Cir. 1977). Here defendant is prejudiced not only by the expenditure of legal fees to oppose motions, but primarily by the lack of any documentary support produced by plaintiff in support of the asserted need for an accommodation.

13.    A "material fact" is one that might affect the outcome of a party's case. *Anderson v Liberty Lobby, Inc.,*  477 U.S. 242, 248 (1986); *see also, JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Anderson*, 477 U.S. at 248; *accord Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of his case where he has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting *Anderson*, 477 U.S. at 247); Cf. *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988) (Plaintiff's own opinions and conclusory allegations do not have sufficient probative force to establish a *prima facie* case of age discrimination).


Respectfully submitted,


*/s/Anthony D. Dwyer*
Anthony D. Dwyer (415575)
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: dwyer@ewva.com
*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of June 2025, copies of the foregoing **DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S DEFENDANTS BROOKSIDE PARK CONDOMINIUM, INC., METROPOLIS (aka MCM, INC.), AND RAMMY AZOULAY'S REPLY TO pro-se PLAINTIFF LESTER LEE'S OPPOSITION TO MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT,** were served by first-class mail, postage prepaid and electronic mail to:

> Lester Lee
> 535 Wilson Bridge Drive, B1
> Oxon Hill, MD  20745
> Llee.documents@gmail.com
> *Pro Se Plaintiff*

> */s/Anthony D. Dwyer*
> Anthony D. Dwyer (415575)