**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LESTER LEE,
     *Plaintiff,*

v.                              Civil Case No. 8:24-cv-01205-ABA

BROOKSIDE PARK CONDOMINIUM, INC.,
METROPOLIS (aka MCM, INC.),
RAMMY AZOULAY, and
LAMONT SAVOY,
     *Defendants.*

**<u>DECLARATION OF LESTER LEE IN SUPPORT OF PLAINTIFF'S REPLY TO
DEFENDANTS' OPPOSITION TO MOTION TO STRIKE</u>**

    I, Lester Lee, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in the above-captioned action. During the period when the initial interrogatory responses were drafted, I was represented by counsel and was not aware of the limitations imposed under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Once I was granted leave to proceed pro se and reviewed the discovery, I immediately recognized the excessive number of interrogatories and the prejudicial nature of the coordination among Defendants. I would have objected and sought the Court's intervention had I been aware of these violations earlier.

2. I affirm that Defendants served an excessive number of interrogatories through coordinated discovery across jointly represented parties in violation of Rule 33(a)(1). These actions have caused undue burden and demonstrate a pattern of harassment and coercion.

3. Attorney Anthony D. Dwyer has repeatedly engaged in unethical conduct throughout the discovery process. This includes instructing improper lines of questioning during my deposition, meeting privately with individuals such as Latresa Hicks and Ronald Waters who should be treated as witnesses, and submitting an affidavit from Robert Haddad based on hearsay and speculation.

4. When I questioned Mr. Dwyer about his prior involvement in a previous lawsuit where I sued Brookside Park Condominium over an electrical shock incident, he refused to respond substantively. This refusal occurred despite his knowledge that he previously represented parties with interests adverse to Brookside. As a seasoned litigator, Mr. Dwyer cannot claim ignorance of conflict of interest protocols or ethical duties under Maryland Rule 19-301.9 and related provisions.

5. Mr. Dwyer's conduct parallels the facts in *Scales v. HOA* (Nev. 2019), where a disabled homeowner faced retaliation and obstruction by a condominium board after requesting reasonable accommodations under the Fair Housing Act. That case resulted in over $635,000 in damages awarded to the plaintiff. Similarly, *Scoggins v. Lee's Crossing HOA*, 718 F.3d 262 (4th Cir. 2013), affirms that disability-related accommodation requests must be handled individually and in good faith.

6.  The fact that Mr. Dwyer challenged ADA-protected objections during deposition and demanded certification shows he was fully aware of procedural rules—but chose to ignore them when it suited him. By contrast, when I brought up his potential conflicts of interest three separate times during my deposition, he diverted or refused to acknowledge the issue. His selective enforcement of rules reveals not mere oversight, but strategic and unethical litigation tactics.

7.  Mr. Dwyer has also misrepresented the Scoggins decision to the Court. Contrary to his framing, the Fourth Circuit did not support a rigid enforcement of rules against individuals with disabilities. Instead, it emphasized that accommodation processes must be individualized, meaningful, and protected from retaliation.

8.  Defendants' Opposition to my Motion to Strike failed to respond meaningfully to key issues raised, including the excessive interrogatories, coordinated representation conflicts, retaliatory questioning, and misused affidavits.

9.  I have included as Exhibits the following materials:

- **Exhibit I** – Summary of Defendants' Failure to Address the Motion to Strike;
- **Exhibit J** – Supplemental Statement Regarding Ronald Waters' involvement, deposition presence, and witness impropriety.

I affirm under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of June, 2025.

Respectfully submitted,

Lester Lee

Plaintiff Pro Se

Email: llee.documents@gmail.com

Date: June 20, 2025