<u>**Exhibit E**</u>

**Improper Witness Involvement – Ronald Waters & Robert Haddad**

In addition to his inappropriate presence during the deposition of David McLaurin, Mr. Ronald Waters' conduct raises further concern about impartiality and credibility. I personally spoke with Mr. Waters on at least two separate occasions regarding the lack of HVAC service in my unit. On both occasions, he made it clear that my safety concerns were not his priority, stating that "his concern was the complaints against me," rather than the dangerous conditions or lack of air conditioning.

On another occasion, I contacted Mr. Waters to request information about whether my landlord possessed a valid renter's license, as required by county code. Rather than provide a direct answer, Mr. Waters became evasive and the conversation quickly became unproductive. I was eventually forced to escalate the matter to his supervisor, who confirmed the information I had requested.

As a result, it is highly probable that Mr. Waters harbors resentment toward me for bypassing his authority. His attendance at the deposition, in coordination with defense counsel, compounds the issue: not only does it preclude me from fairly deposing him as a fact witness, but it also gives the appearance of bias and potential retaliation.

Furthermore, Robert Haddad submitted an affidavit shortly after my deposition, in an apparent effort to control the narrative and repair gaps left in the record by McLaurin's

limited testimony. The affidavit itself lacks personal knowledge and includes hearsay and conclusory statements, rendering it unreliable under Rule 56(c)(4).

Accordingly, I request that this Court exclude any declarations or testimony submitted by Mr. Waters and Mr. Haddad from consideration in this matter.

**Submitted in Support of:**

Plaintiff's Motion to Strike Discovery Responses, Motion for Sanctions, and Motion to Disqualify Counsel.

Lester Lee

Plaintiff Pro Se

Email: llee.documents@gmail.com

Date: June 20, 2025