**Exhibit F**

**Deposition Transcript Excerpt: Discriminatory ADA Question and Hostile Conduct**

This excerpt from the deposition transcript reflects a discriminatory and biased line of questioning by Defense Counsel Anthony D. Dwyer. He improperly questioned Plaintiff about why he 'needed a pit bull as a service dog'—a line of inquiry that directly violates the ADA, which prohibits breed-based discrimination in evaluating service animals. Plaintiff's former counsel, Mr. Rosenthal, correctly objected and instructed Plaintiff not to answer, citing the Americans with Disabilities Act. In response, Mr. Dwyer became hostile, issuing a retaliatory remark regarding counsel's discovery compliance. This response was disproportionate and unprofessional, especially in light of the fact that Mr. Rosenthal was acting to shield his client from a clearly prejudicial, irrelevant, and discriminatory question.

Under 28 C.F.R. § 35.136(b), public entities and individuals may not impose breed restrictions or probe into a disabled individual's choice of service animal. Courts have further emphasized that intrusive inquiries into a person's medical or disability-related choices violate both the ADA and principles of dignity and fairness under federal law. The objection by Mr. Rosenthal was legally and ethically justified and stands as the most valid and essential objection of the day. Dwyer's reaction to that objection was not only improper—it constituted an attack on Plaintiff's character and an attempt to shame both Plaintiff and his counsel for asserting a core civil right.

Applicable authorities include:

- 28 C.F.R. § 35.136(b) and § 36.302(c): Prohibit breed-specific service dog restrictions

- Majors v. City of Indianapolis, 48 F. Supp. 3d 1020 (S.D. Ind. 2014)

- Giebeler v. M&B Associates, 343 F.3d 1143 (9th Cir. 2003)

- Federal Rule of Evidence 403: Excludes prejudicial, irrelevant, or misleading evidence or questioning

Page 87

Q. Okay. Let -- let's switch gears a little bit. I want to ask you a couple of questions. I guess what I want to ask is,

you know, do you believe that another -- do you believe that you needed those particular service dogs versus another breed of dog?

You know, why did you feel you needed a pit bull as a service dog --

MR. ROSENTHAL: Yeah. Objection. I'm -- I'm going -- this, I'm going to object to. I'm going to direct him not to answer.

That's not a proper question.

MR. DWYER: I don't agree with you. It is proper and -- and --

MR. ROSENTHAL: No, it's not proper, Counsel.

MR. DWYER: No, you have no basis to instruct him not to answer. Are you instructing him not to answer?

MR. ROSENTHAL: I'm instructing him not to answer, yes.

MR. DWYER: Okay. Let's -- let's certify that question.

MR. ROSENTHAL: That question violates ADA.

MR. DWYER: Okay. Let's certify it...

Page 88

MR. DWYER: ...from the lawyer who hasn't answered any discovery whatsoever. Is -- is now instructing his client not to answer a question.

THE REPORTER: Okay.

* (Question certified.)

**Furthermore**, after the ADA-based objection was made by Plaintiff's counsel, Mr. Dwyer did not acknowledge or yield to the objection in accordance with professional norms. Instead, he engaged in argumentative back-and-forth,

repeatedly asserting that the question was proper and demanding justification for the objection. This conduct demonstrates a disregard for the purpose and scope of ADA protections, reflecting a mentality that places personal strategy above legal compliance. Defense counsel's approach reveals a troubling pattern: rather than respecting the boundaries established by law, they attempt to reshape the rules to fit their own litigation goals. In deposition practice, once an objection is made—especially one involving a protected class or statutory right—it is improper to debate its validity on the record, particularly in front of a vulnerable pro se litigant. Mr. Dwyer's insistence on litigating the objection during the deposition itself was inappropriate, confrontational, and a breach of decorum expected in federal civil procedure.

**<u>NOTE ON CERTIFICATION</u>**:

When Defense Counsel Mr. Dwyer stated, 'Okay, let's certify it,' he was invoking a deposition procedure to formally mark the question and objection in the transcript for judicial review. This means the court reporter would flag the question so that a judge may later determine whether the objection was valid and whether the question must be answered. However, in this instance, the phrase was delivered in a sarcastic, dismissive tone and followed by retaliatory remarks aimed at Plaintiff's counsel. Rather than neutrally preserving the issue, Mr. Dwyer used the certification process to belittle an objection grounded in the Americans with Disabilities Act, demonstrating his disregard for its legal authority and his

antagonism toward both Plaintiff and counsel. This conduct goes beyond mere

disagreement and rises to the level of intimidation and procedural abuse.

**Respectfully submitted,**

**Lester Lee**
Plaintiff Pro Se
Email: llee.documents@gmail.com
Dated: June 20, 2025