EXHIBIT I

**Summary of Defendants' Failures to Address Plaintiff's Motion to Strike**

In their Opposition to Plaintiff's Motion to Strike Abusive Discovery Responses and Interrogatories (ECF No. 65), Defendants failed to address or rebut the core arguments and legal standards cited by Plaintiff. Their silence on these issues constitutes implicit concession and further demonstrates their lack of good faith and respect for Plaintiff's rights as a pro se litigant.

**I. Failure to Address Rule 33(a)(1) Violation**

- Defendants did not respond to Plaintiff's argument that coordinated interrogatories across jointly represented parties exceeded the 25-question limit.
- They ignored controlling authority (*Safeco of Am. v. Rawstrom*, 183 F.R.D. 668 (C.D. Cal. 1998)).
- No justification provided for failing to seek leave of court.

**II. Failure to Rebut Ethical Conflict from Joint Representation**

- Defendants did not address allegations that counsel Anthony D. Dwyer improperly represented three clients using a single defense narrative.
- No discussion of potential conflict under ABA Model Rule 1.7 or Maryland Rule 19-301.7.
- No evidence of informed consent or conflict waivers.

**III. Failure to Defend Affidavit Based on Hearsay**

- No rebuttal to Plaintiff's claim that Robert Haddad's affidavit lacked firsthand knowledge.
- Defendants ignored Rule 56(c)(4) requiring affidavits be based on personal knowledge.
- No attempt to validate or justify the affidavit's admissibility.

**IV. Failure to Address Deposition Misconduct**

- Defendants did not respond to Plaintiff's claim that Dwyer verbally attacked former counsel for objecting.
- They ignored Plaintiff's on-record inquiry about conflict of interest and Dwyer's improper deflection.
- No explanation provided for refusal to certify Plaintiff's own concerns.

**V. Failure to Justify ADA-Discriminatory Questioning**

- Defendants failed to defend or acknowledge the biased question: "Why did you feel you needed a pit bull as a service dog?"
- No response to objection based on ADA protections and anti-discrimination guidelines.
- Defense counsel's insistence on certifying the objection shows disregard for disability rights.

**VI. Failure to Address Strategic Abuse of Procedural Limbo**

- No justification offered for issuing interrogatories while Plaintiff's motions to proceed pro se and disqualify counsel were pending.
- Defendants took advantage of Plaintiff's unrepresented status without disclosing their intent to do so.

**Conclusion**

Defendants' Opposition deliberately avoids the central legal and ethical defects raised in Plaintiff's Motion to Strike. Instead, it leans on procedural accusations and ignores clear violations of federal discovery rules, ethical codes, and ADA/FHA protections. This pattern reveals a broader strategy: to overwhelm and distract rather than defend on the merits.

Defendants' refusal to engage with these points reflects not only a lack of good faith but a disrespect for the judicial process and for Plaintiff's pro se status. This Court should construe Defendants' silence as an implicit concession of wrongdoing and grant Plaintiff's requested relief accordingly.