**EXHIBIT J**

**SUPPLEMENTAL STATEMENT REGARDING RONALD WATERS' DEPOSITION INVOLVEMENT AND PRIOR CONDUCT**

This Exhibit is submitted in support of Plaintiff's Motion to Exclude Improper Testimony and Discovery Practices. It highlights serious procedural and ethical concerns surrounding the presence and involvement of Mr. Ronald Waters in the deposition of Mr. David McLaurin and documents prior contentious interactions between Mr. Waters and Plaintiff.

---

**I. PRESENCE AT THE MCLAURIN DEPOSITION**

Mr. Ronald Waters, supervisor at DPIE (Department of Permitting, Inspections, and Enforcement), was **present for the duration** of the deposition of DPIE Inspector David McLaurin. His presence was never disclosed in advance, and he did not appear as an official deponent or party to the case. As Mr. McLaurin later testified, Mr. Waters was the **individual who instructed him to visit Plaintiff's property**, purportedly under false pretenses of inspecting an HVAC complaint.

McLaurin testified that he was acting under the direct instructions of Mr. Waters when he entered Plaintiff's building. This confirms Mr. Waters as a material witness.

Allowing a material witness to attend another witness's deposition **prejudices the integrity of discovery**, raising concerns of improper coaching, intimidation, or tailoring

of testimony. Courts have long recognized that **fact witnesses should be excluded** from each other's depositions or trial testimony to avoid precisely this type of influence.

Furthermore, Mr. Waters **spoke with Defendants' counsel** before or during the deposition, raising concerns about improper coordination or coaching. This contact was not disclosed and occurred without Plaintiff's knowledge or consent.

## II. PRIOR COMPLAINTS AND HOSTILE INTERACTIONS

Plaintiff previously spoke with Mr. Waters on two separate occasions regarding serious housing safety concerns:

1. **HVAC Complaint** – When Plaintiff reported HVAC system failures in the common area and lack of adequate heat, Mr. Waters explicitly stated that was "not his concern," and redirected the conversation to complaints that had been made against Plaintiff. This demonstrates a retaliatory and biased approach to Plaintiff's safety needs.

2. **Landlord Licensing Complaint** – When Plaintiff sought information about whether the landlord possessed the required rental license, Mr. Waters again attempted to deflect or suppress the issue. The conversation deteriorated, forcing Plaintiff to contact Mr. Waters' supervisor directly in order to obtain the necessary public information.

These interactions demonstrate Mr. Waters' **hostility, bias, and adversarial posture** toward Plaintiff. His attendance at a deposition tied directly to the claims in this case presents an **unacceptable conflict of interest** and taints the discovery process.

Case 8:24-cv-01205-ABA     Document 70-11     Filed 06/23/25     Page 3 of 3