IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**LESTER LEE,**

    Pro Se *Plaintiff*

v.                                                     Case No. 8:24-cv-01205-ABA

**BROOKSIDE PARK CONDOMINIUM, INC.,**

**METROPOLIS (MCM, INC.),**

**RAMMY AZOULAY, and**

**LAMONT SAVOY,**

    *Defendant*s

## SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

**I. INTRODUCTION**

Plaintiff Lester Lee submits this Supplemental Memorandum of Law in further support of his Motion to Disqualify Counsel, addressing both the legal framework for disqualification and the factual context warranting such relief. This memorandum

supplements the factual rebuttal and clarifies the governing rules, ethical standards, and controlling authorities applicable to this matter.

## II. LEGAL STANDARD FOR DISQUALIFICATION

Disqualification is appropriate where an attorney's conduct creates a conflict of interest, compromises fairness, or threatens judicial integrity. The Maryland Attorneys' Rules of Professional Conduct (MARPC) govern:

- **Rule 1.7** – Bars concurrent conflicts of interest
- **Rule 1.9** – Prohibits conflicts with former client relationships
- **Rule 3.3** – Requires candor to the tribunal
- **Rule 3.4** – Prohibits unfair discovery practices
- **Rule 3.7** – Bars acting as both advocate and witness
- **Rule 8.4(d)** – Forbids conduct prejudicial to justice

Courts have held that even the appearance of impropriety can support disqualification. *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994); *Alexander v. FBI*, 186 F.R.D. 21 (D.D.C. 1998).

## III. CONFLICT OF INTEREST THROUGH PRIOR REPRESENTATION

Defense counsel Anthony D. Dwyer previously represented Stuart Rogel, former property manager of Brookside, in a civil matter (CAL21-04545), which settled on **March 5, 2024**. Plaintiff filed this case **May 2024**, less than two months later.

During that prior case, Dwyer had access to internal board communications, enforcement strategies, and documentation now at issue here. He even submitted some of the same materials as exhibits in this case, violating **MARPC 1.9(c)**. Dwyer's attempt to claim this prior matter concluded long ago is belied by the timeline and violates **MARPC 3.3(a)(1)** and **8.4(c)**.

## IV. IMPROPER JOINDER AND MULTI-DEFENDANT CONFLICT

Mr. Dwyer represents **Brookside**, **Metropolis**, and **Rammy Azoulay**—entities with different roles, exposures, and defenses. Despite this:

- All three served **identical interrogatories** to Plaintiff
- No conflict waivers have been filed
- No individual defenses have been asserted

This violates **MARPC 1.7(b)** and prejudices Plaintiff. See *In re Lee*, 202 Md. App. 356 (2011).

## V. RETALIATORY SURVEILLANCE COORDINATED THROUGH COUNSEL

On **May 24, 2024**, Robert Haddad sent an email directly to attorney **Anthony D. Dwyer**, copying attorney **Charles Gormley**, Latresa Hicks, Rammy Azoulay, and several Brookside board members. The subject: coordinated surveillance of Plaintiff using concealed monitoring devices. Haddad stated:

"We are proceeding with the purchase and installation of a doorbell video camera at her unit, so we will be collecting video evidence." (**Exhibit 5**)

This camera was aimed at Plaintiff's door and living space. A separate peephole camera had already been installed. These devices were authorized **after** a private meeting between Hicks and the defense attorneys. Neither Dwyer nor Gormley objected, advised against the plan, or reported the surveillance to the Court.

No affidavit, deposition, or testimony has been submitted from Hicks or Gormley. Defense counsel has not denied the meeting or the chain of coordination.

The email chain identifies Gormley as an active legal participant in the surveillance strategy. Both Dwyer and Gormley violated:

- **42 U.S.C. § 3617** (FHA retaliation)
- **Md. Code, Cts. & Jud. Proc. § 10-402** (Wiretap Act)
- **MARPC 3.3**, **3.7**, **8.4(d)**, **5.1**

Their joint failure to halt or report the surveillance—despite direct notification—renders them equally accountable for enabling retaliation against a disabled pro se litigant.

## VI. DISCOVERY ABUSE AND DEPOSITION MISCONDUCT

Dwyer served Plaintiff over **80 interrogatories** across defendants using identical language, exceeding the limit under **Rule 33(a)(1)**. During deposition, he:

- Intimidated Plaintiff's former attorney: "You have nerve to object..." (**Exhibit 62-9**)
- Certified defense-favorable questions, but refused to certify Plaintiff's ADA-related objections

This selective enforcement violated **Rule 30(c)(2)** and **MARPC 3.4(d)**, weaponizing deposition protocol against a disabled pro se litigant.

## VII. AGENCY WITNESS COORDINATION AND TESTIMONY MANIPULATION

Plaintiff raises serious concerns about the deposition of DPIE Inspector **McLaurin**:

- He was **not** the assigned HVAC inspector
- He appeared at the direction of **Ronald Waters**, who was **present** during the deposition
- Breaks were taken off-record, followed by testimony aligned with defense narrative

This supports allegations of witness coaching, intimidation, and improper agency involvement. See **Exhibit 62-6**.

## VIII. FEDERAL PREEMPTION: SERVICE DOG PROTECTIONS

Defense reliance on **Prince George's County pit bull ordinances** is preempted:

- **ADA FAQ Q24** – Breed bans do not apply to service dogs
- **28 C.F.R. § 35.136(f)** – No breed-based exclusions
- **42 U.S.C. § 3604(f)(3)(B)** – Mandates reasonable accommodation

Continued citation to local law contradicts federal authority and violates professional responsibility.

## IX. HEARSAY AFFIDAVITS AND MISLEADING LEGAL ARGUMENT

Robert Haddad's affidavit (submitted post-deposition) lacks personal knowledge and contradicts earlier testimony. It violates **Rule 56(c)(4)**.

Defense counsel also misrepresents case law. In citing *Scroggins v. Lee's Crossing HOA*, 718 F.3d 262 (4th Cir. 2013), Dwyer falsely implies support for denying accommodation. In reality, *Scroggins* upholds protections under the Fair Housing Act. These distortions violate **MARPC 3.3(a)(1)** and **8.4(c)**.

## X. SANCTIONS AND REFERRAL ARE WARRANTED

Dwyer's behavior during discovery, deposition, surveillance coordination, hearsay affidavit submission, and evidentiary manipulation violates:

- **Rule 26(g)** – Discovery abuse
- **Rule 56(c)(4)** – Inadmissible affidavits
- **MARPC 1.9**, **3.3**, **3.4**, **8.4**

Under **MARPC 5.1 and 5.3**, senior attorneys such as **Henry Carkhuff** and **Charles Gormley** are responsible for failing to intervene. Gormley was copied on Exhibit 5 and failed to object to surveillance aimed at Plaintiff.

Emails further show Dwyer worked with Haddad to pressure Plaintiff's landlord into signing a **de facto power of attorney lease addendum** (**Exhibit 62-5**), enabling retaliatory eviction and harassment.

## XI. CONCLUSION

Plaintiff respectfully requests that the Court:

1. Disqualify attorney Anthony D. Dwyer and affiliated firms;

2. Refer Dwyer, Gormley, and Carkhuff to the District's disciplinary authority;

3. Impose sanctions for abusive discovery and coordinated retaliation;

4. Enjoin further surveillance or coordinated discovery;

5. Order full disclosure and preservation of surveillance records;

6. Award litigation costs and permit Plaintiff's declarations into the formal record.

Respectfully submitted,

**Lester Lee**

*Plaintiff, Pro Se*

535 Wilson Bridge Drive, B1

Oxon Hill, MD 20745

LLEE.DOCUMENTS@gmail.com